D. Lee Roberts, Jr., Esq.
Nevada Bar No. 8877
lroberts@wwhgd.com
Howard J. Russell, Esq.
Nevada Bar No. 8879
hrussell@wwhgd.com
David A. Dial, Esq.
*Admitted Pro Hac Vice*
ddial@wwhgd.com
Marisa Rodriguez, Esq.
Nevada Bar No. 13234
mrodriguez@wwhgd.com
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864

Darrell L. Barger, Esq.
*Admitted Pro Hac Vice*
dbarger@hdbdlaw.com
Michael G. Terry, Esq.
*Admitted Pro Hac Vice*
mterry@hdbdlaw.com
HARTLINE DACUS BARGER DREYER LLP
800 N. Shoreline Blvd.
Suite 2000, N Tower
Corpus Christi, TX 78401
Telephone: (361) 866-8000

John C. Dacus, Esq.
*Admitted Pro Hac Vice*
jdacus@hdbdlaw.com
Brian Rawson, Esq.
*Admitted Pro Hac Vice*
brawson@hdbdlaw.com
HARTLINE DACUS BARGER DREYER LLP
8750 N. Central Expressway, Suite 1600
Dallas, TX 75231
Telephone: (214) 369-2100

*Attorneys for Defendant*
*Motor Coach Industries, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KEON KHIABANI and ARIA KHIABANI, minors by and through their natural mother, KATAYOUN BARIN; and KATAYOUN BARIN, individually; KATAYOUN BARIN as Executrix of the Estate of Kayvan Khiabani, M.D. (Decedent), and the Estate of Kayvan Khiabani, M.D. (Decedent),<br><br>  Plaintiffs,<br><br>v.<br><br>MOTOR COACH INDUSTRIES, INC., a Delaware corporation; MICHELANGELO LEASING INC. d/b/a RYAN'S EXPRESS, an Arizona corporation; EDWARD HUBBARD, a Nevada resident; BELL SPORTS, INC. d/b/a GIRO SPORT DESIGN, a Delaware corporation; SEVENPLUS BICYCLES, INC. d/b/a PRO CYCLERY, a Nevada corporation, DOES 1 through 20; and ROE CORPORATIONS 1 through 20,<br><br>  Defendants. | Case No.:_____<br><br><br>**MOTOR COACH INDUSTRIES, INC.'S NOTICE OF REMOVAL** |

1

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant MOTOR COACH INDUSTRIES, INC. ("MCI") removes this action from the Eighth Judicial District Court for Clark County, Nevada to the United States District Court for the District of Nevada. Federal jurisdiction exists over this proceeding pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because there is complete diversity among the remaining viable parties and because the amount in controversy exceeds $75,000. In support of removal, MCI states:

## BACKGROUND

1.  This is an action alleging product liability against MCI.

2.  Plaintiffs allege that Kayvan Khiabani was fatally injured when he was involved in a collision with a motor coach sold by MCI, while Dr. Khiabani was riding a bicycle. Plaintiffs allege that the motor coach was defective, unfit and unreasonably dangerous for its foreseeable use. Amended Complaint ("Am. Compl.") ¶ 25.

3.  Plaintiffs further allege that MCI failed to warn of dangers that were known or should have been known by MCI. Am. Compl. ¶ 26. Plaintiffs' claims against MCI are based on strict liability. *Id.*, First Claim for Relief.

4.  Plaintiffs initially also brought claims against Michelangelo Leasing, Inc. d/b/a Ryan's Express, the owner and operator of the bus; Edward Hubbard, the alleged driver of the bus at the time of the incident; Bell Sports, Inc. d/b/a Giro Sport Design, the manufacturer of the bicycle helmet the decedent was wearing at the time of the incident; and SevenPlus Bicycles, Inc. d/b/a Pro Cyclery, which allegedly sold both the helmet and bicycle involved in the accident.

5.  Plaintiffs have now settled with Michelangelo Leasing, Inc. d/b/a Ryan's Express, Edward Hubbard, Bell Sports, Inc. d/b/a Giro Sport Design, and SevenPlus Bicycles, Inc. d/b/a Pro Cyclery, for confidential amounts not germane to this Notice. MCI is the only remaining Defendant as explained further below.

///

///

## IDENTITIES OF PARTIES

6. Plaintiff Katayoun Barin, the spouse of the decedent, is alleged to be a resident of Nevada. Am. Compl. ¶ 2.

7. Plaintiff Keon Khiabani, a minor son of the decedent, is alleged to be a resident of Nevada. Am. Compl. ¶ 1.

8. Plaintiff Aria Khiabani, a minor son of the decedent, is alleged to be a resident of Nevada. Am. Compl. ¶ 1.

9. Plaintiffs Keon Khiabani and Aria Khiabani claim to bring this action as "minors, by and through their natural mother, KATAYOUN BARIN." Am. Compl. at Introductory Paragraph, page 2:1-2. Dr. Barin is alleged to be a citizen of Nevada. Am. Compl. ¶ 2. For the purpose of diversity, "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(C)(2). Although Dr. Barin, the legal representative of the minor children, was also a citizen of Nevada at the time this action was filed, this fact is not relevant to diversity jurisdiction.

10. The Amended Complaint alleges that Plaintiff Katayoun Barin "is a duly authorized Executrix of the Estate of Kayvan Khiabani, M.D. (Decedent)." Am. Compl. ¶ 3. The Amended Complaint further alleges that "[a]s Executrix, Katy Barin is authorized to bring this action on behalf of the Estate of Kayvan Khiabani, M.D. (Decedent). *Id.* Dr. Barin is alleged to be a citizen of Nevada. Am. Compl. ¶ 2.

11. The Amended Complaint does not allege the citizenship of Plaintiff the Estate of Kayvan Khiabani, M.D. (Decedent). The Amended Complaint, however, does allege that the Decedent Kayvan Khiabani, M.D. resided in Clark County, Nevada at the time of his death. Am. Compl. ¶ 2. For the purpose of diversity, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(C)(2). Therefore, the Estate of Kayvan Khiabani, M.D. (Decedent) is a citizen of Nevada. Although Dr. Barin, the legal representative of the Estate of Kayvan Khiabani, M.D. (Decedent), was also a citizen of Nevada at the time this action was filed, this fact is not relevant to diversity jurisdiction.

12. Defendant MCI is a Delaware corporation, Am. Compl. ¶ 4, with its principal place of business in Illinois.

13. The remaining Defendants (collectively the "Settling Defendants") have all settled Plaintiffs' claims against them, and therefore their citizenship is irrelevant for purposes of removal. In analyzing complete diversity, the citizenship of nominal or formal parties need not be considered. "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." *Strotek Corp. v. Air Transport Ass'n. of America*, 300 F.3d 1129, 1133 (9th Cir. 2002).

14. Although a formal dismissal of the Settling Defendants has not been entered, and administrative approvals of good faith and minor's compromise remain, the Settling Defendants became only formal and nominal parties once settlement was reached. If necessary, the case can be severed and the nominal parties returned to state court.

15. Plaintiffs have no remaining claims against the Settling Defendants. The citizenship of the Settling Defendants is therefore of no consequence given that the only remaining claims are against MCI, a diverse Defendant.

16. Because all Plaintiffs are citizens of the State of Nevada and MCI is not, complete diversity exists under 28 U.S.C. § 1332.

17. Counsel for Plaintiffs informed MCI yesterday, October 16, 2017, that Plaintiff Katayoun Barin died on October 12, 2017. Plaintiff Katayoun Barin was an individual plaintiff and was also the only representative of the Estate and the minor children as set forth above. No suggestion of death has been filed in the state court action, despite the obligation of the Plaintiffs to do so. Although the unfortunate death of Dr. Barin will require a stay until the proper parties in interest are substituted pursuant to Rule 25(a)(1), it is not relevant to this Notice of Removal.

## TIMELINESS OF REMOVAL

18. Plaintiffs filed their Complaint in this matter on May 25, 2017, in the District Court of Clark County, Nevada. Plaintiffs filed an Amended Complaint on June 6, 2017.

///

4

19. Defendant MCI acknowledged service of Plaintiffs' original Complaint on June 1, 2017.

20. At the time of MCI's acceptance of service, a non-diverse party (Edward Hubbard) was still joined in this action.

21. Less than thirty days after MCI's acceptance of service, Plaintiffs added another non-diverse party (SevenPlus Bicycles, Inc. d/b/a Pro Cyclery) by way of Amended Complaint.

22. Now that Plaintiffs have settled with all other Defendants, the only claims remaining are against MCI, and all properly joined parties are now diverse.

23. MCI was notified of the settlements between Plaintiffs and the Settling Defendants on September 25, 2017, which representation was memorialized by the Special Master in the State Court action. Exhibit 30 attached hereto.

24. Out of an abundance of caution, MCI has calculated its time to remove based on the possibility that this Court finds that the attached Special Master Report of September 27, 2017, was an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446.

25. Therefore, this notice of removal is timely filed within thirty (30) days after MCI's receipt of a paper that provided evidence that this case was removable as required by 28 U.S.C. §1446(b).

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES WITH A VIABLE CONTROVERSY

26. The Amended Complaint alleges that Plaintiffs are all citizens of Nevada.

27. For the purposes of determining diversity, a corporation is deemed a citizen of both the state of its incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

28. The Amended Complaint alleges that MCI is a Delaware corporation.

29. MCI maintains its principal place of business outside the State of Nevada, in Illinois.

## AMOUNT IN CONTROVERSY

30. Plaintiffs have alleged damages "in excess of" $15,000.00. Am. Compl., ¶¶ 30-34. The Nevada Rules of Civil Procedure prohibit the stating of a higher amount of damages in the Complaint. *See* NRCP Rule 8(a).

31. It is well-settled among Ninth Circuit courts that, where the amount in controversy is not specifically stated in an *ad damnum* clause, the defendant need only show by a preponderance of the evidence that the complaint alleges damages in excess of $75,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375-76 (9th Cir. 1997).

32. On July 11, 2017, Plaintiffs filed a Request for Exemption from Nevada's mandatory arbitration program, and alleged that they sought damages "far in excess of the threshold arbitration amount of $50,000.00". *See* Exhibit 14 hereto. In fact, Plaintiffs stated that they sought special and general damages "many millions more" than the presumptive $50,000.00 recoverable through arbitration. *Id.*

33. Further, on August 28, 2017, Plaintiffs served an expert report from Larry D. Stokes, Ph.D., in which the expert estimated Plaintiffs' economic losses from the loss of Dr. Khiabani's earnings *alone* to be in excess of $15,000,000.00. *See* Exhibit 26 hereto.

34. Based on the amount in controversy, removal is proper 28 U.S.C. 28 § 1332(a).

## VENUE

35. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)-(b). The state court in which this action was filed lies within the division and district of the United States District Court wherein this Notice of Removal is filed.

## WRITTEN NOTICE OF REMOVAL

36. Written notice of the filing of this NOTICE OF REMOVAL is concurrently being served on the Clerk of the District Court of Clark County, and counsel for all parties, as required by 28 U.S.C. § 1446(d).

///

///

**COPIES**

37.     Pursuant to 28 U.S.C. §1446(a), Defendant is required to attach copies of "all process, pleadings and orders served upon" Defendant in this action.  Defendant attaches the following:

| EX | DOCUMENT | DATE | BATES: EJDC |
|---|---|---|---|
| 1 | Complaint and Demand for Jury Trial | 5/25/2017 | 001-017 |
| 2 | Summons to Motor Coach Industries, Inc. | 5/26/2017 | 018-034 |
| 3 | Amended Complaint and Demand for Jury Trial | 6/6/2017 | 035-037 |
| 4 | Defendants Michaelangelo Leading, Inc. dba Ryan's Express and Edward Hubbard's Answer to Plaintiffs' Amended Complaint | 6/28/2017 | 038-073 |
| 5 | Initial Appearance Fee Disclosures (NRS Chapter 19) | 6/28/2017 | 074-077 |
| 6 | Defendant Sevenplus, Bicycles, Inc. dba Pro Cyclery's Answer to Plaintiffs' Amended Complaint | 6/30/2017 | 078-098 |
| 7 | Defendant Motor Coach Industries, Inc.'s Answer to Plaintiffs' Amended Complaint | 6/30/2017 | 099-115 |
| 8 | Defendant Sevenplus Bicycles, Inc. dba Pro Cycler's Initial Appearance Fee Disclosure | 6/30/2017 | 116-119 |
| 9 | Defendant Bell Sports, Inc.'s Answer to Plaintiff's Amended Complaint | 7/3/2017 | 120-134 |
| 10 | Defendant Bell Sports, Inc.'s Initial Appearance Fee Disclosure | 7/3/2017 | 135-139 |
| 11 | Defendant Motor Coach Industries, Inc.'s Initial Appearance Fee Disclosure | 6/30/2017 | 140-143 |
| 12 | Order Granting in Part and Denying in Part Plaintiffs' Application Under NRCP 65(b) for Temporary Restraining Order Requiring Bus Company and Driver to Preserve and Immediately Turn Over Relevant Electronic Monitoring Information from Bus and Driver Cell | 7/5/2017 | 144-150 |
| 13 | Order Admitting to Practice, Darrell L. Barger, John C. Dacus, and Brian Rawson | 7/11/2017 | 151-153 |
| 14 | Request for Exemption from Arbitration | 7/11/2017 | 154-159 |
| 15 | Order Granting Plaintiffs' Motion for Preferential Trial Setting | 7/20/2017 | 160-164 |
| 16 | Commissioner's Decision on Request for Exemption | 7/26/2017 | 165-168 |
| 17 | Order Admitting to Practice - Brian Keith Gibson | 8/11/2017 | 169-171 |

| EX | DOCUMENT | DATE | BATES: EJDC |
|---|---|---|---|
| 18 | Order Admitting to Practice - C. Scott Toomey | 8/11/2017 | 172-174 |
| 19 | Case Management Order | 8/16/2017 | 175-182 |
| 20 | Special Master Order | 8/18/2017 | 183-185 |
| 21 | Order Admitting to Practice | 8/23/2017 | 186-189 |
| 22 | Special Master Report | 8/24/2017 | 190-191 |
| 23 | Stipulated Protective Order | 8/24/2017 | 192-201 |
| 24 | Order Admitting to Practice | 8/24/2017 | 202-204 |
| 25 | Order Admitting to Practice – Ughetta | 8/25/2017 | 205-207 |
| 26 | L. Stokes Report | 8/28/2017 | 208-221 |
| 27 | Order Admitting to Practice | 9/6/2017 | 222-224 |
| 28 | Stipulation and Order to Continue Hearing on Motion for Reconsideration | 9/6/2017 | 225-231 |
| 29 | Special Master Report and Order Allowing Motor Coach Industries to Commence Edward Hubbard Deposition | 9/12/2017 | 232-236 |
| 30 | Special Master Report | 9/27/2017 | 237-239 |
| 31 | Special Master Report Regarding Dr. Jack E. Hubbard Deposition | 10/3/2017 | 240-243 |
| 32 | Special Master Report | 10/10/2017 | 244-246 |

WHEREFORE, Defendant Motor Coach Industries, Inc. hereby removes the above-captioned action from the Eighth Judicial District Court of Clark County, Nevada to the United States District Court, District of Nevada.

DATED this  17  day of October, 2017.

D. Lee Roberts, Jr., Esq.
Howard J. Russell, Esq.
David A. Dial, Esq.
Marisa Rodriguez, Esq.
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118

Darrell L. Barger, Esq.
Michael G. Terry, Esq.
HARTLINE DACUS BARGER DREYER LLP
800 N. Shoreline Blvd.
Suite 2000, N Tower
Corpus Christi, TX 78401

John C. Dacus, Esq.
Brian Rawson, Esq.
HARTLINE DACUS BARGER DREYER LLP
8750 N. Central Expressway
Suite 1600
Dallas, TX 75231

*Attorneys for Defendant*
*Motor Coach Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2017, a true and correct copy of the foregoing **MOTOR COACH INDUSTRIES, INC.'S NOTICE OF REMOVAL** was served by e-service, in accordance with the Electronic Filing Procedures of the United States District Court.

Will Kemp, Esq.
Eric Pepperman, Esq.
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Pkwy., 17th Floor
Las Vegas, NV 89169
e.pepperman@kempjones.com

*Attorneys for Plaintiffs*

Peter S. Christiansen, Esq.
Kendelee L. Works, Esq.
CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd.
Las Vegas, NV 89101
pete@christiansenlaw.com
kworks@christiansenlaw.com

*Attorneys for Plaintiffs*

Keith Gibson, Esq.
James C. Ughetta, Esq.
LITTLETON JOYCE UGHETTA PARK & KELLY LLP
The Centre at Purchase
4 Manhattanville Rd., Suite 202
Purchase, NY 10577
Keith.Gibson@LittletonJoyce.com
James.Ughetta@LittletonJoyce.com

*Attorneys for Defendant Bell Sports, Inc. d/b/a Giro Sport Design*

C. Scott Toomey, Esq.
LITTLETON JOYCE UGHETTA PARK & KELLY LLP
201 King of Prussia Rd., Suite 220
Radnor, PA 19087
Scott.toomey@littletonjoyce.com

*Attorney for Defendant Bell Sports, Inc. d/b/a Giro Sport Design*

Michael E. Stoberski, Esq.
Joslyn Shapiro, Esq.
OLSON CANNON GORMLEY ANGULO & STOBERSKI
9950 W. Cheyenne Ave.
Las Vegas, NV 89129
mstoberski@ocgas.com
jshapiro@ocgas.com

*Attorneys for Defendant Bell Sports, Inc. d/b/a Giro Sport Design*

Eric O. Freeman, Esq.
SELMAN BREITMAN LLP
3993 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89169
efreeman@selmanlaw.com

*Attorney for Defendants Michelangelo Leasing Inc. d/b/a Ryan's Express and Edward Hubbard*

///
///
///
///

| | |
|---|---|
| Michael J. Nunez, Esq.<br>MURCHISON & CUMMING, LLP<br>350 S. Rampart Blvd., Suite 320<br>Las Vegas, NV 89145<br>mnunez@murchisonlaw.com<br><br>***Attorney for Defendant SevenPlus Bicycles, Inc. d/b/a Pro Cyclery*** | Paul E. Stephan, Esq.<br>Jerry C. Popovich, Esq.<br>William J. Mall, Esq.<br>SELMAN BREITMAN LLP<br>6 Hutton Centre Dr., Suite 1100<br>Santa Ana, CA 92707<br>pstephan@selmanlaw.com<br>jpopovich@selmanlaw.com<br>wmall@selmanlaw.com<br><br>***Attorney for Defendants Michelangelo Leasing Inc. d/b/a Ryan's Express and Edward Hubbard*** |

_/s/ Esther Ibarra_
An Employee of WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC