| | Pleadings Index | | |
|---|---|---|---|
| | **(Khiabani v. Motor Coach Industries, Inc.; et al.)** | | |
| **TAB** | **DOCUMENT** | **Date** | **BATES: EJDC** |
| 1 | Complaint and Demand for Jury Trial | 5/25/2017 | 001-017 |
| 2 | Summons to Motor Coach Industries, Inc. | 5/26/2017 | 018-034 |
| 3 | Amended Complaint and Demand for Jury Trial | 6/6/2017 | 035-037 |
| 4 | Defendants Michaelangelo Leading, Inc. dba Ryan's Express and Edward Hubbard's Answer to Plaintiffs' Amended Complaint | 6/28/2017 | 038-073 |
| 5 | Initial Appearance Fee Disclosures (NRS Chapter 19) | 6/28/2017 | 074-077 |
| 6 | Defendant Sevenplus, Bicycles, Inc. dba Pro Cyclery's Answer to Plaintiffs' Amended Complaint | 6/30/2017 | 078-098 |
| 7 | Defendant Motor Coach Industries, Inc.'s Answer to Plaintiffs' Amended Complaint | 6/30/2017 | 099-115 |
| 8 | Defendant Sevenplus Bicycles, Inc. dba Pro Cycler's Initial Appearance Fee Disclosure | 6/30/2017 | 116-119 |
| 9 | Defendant Bell Sports, Inc.'s Answer to Plaintiff's Amended Complaint | 7/3/2017 | 120-134 |
| 10 | Defendant Bell Sports, Inc.'s Initial Appearance Fee Disclosure | 7/3/2017 | 135-139 |
| 11 | Defendant Motor Coach Industries, Inc.'s Initial Appearance Fee Disclosure | 6/30/2017 | 140-143 |
| 12 | Order Granting in Part and Denying in Part Plaintiffs' Application Under NRCP 65(b) for Temporary Restraining Order Requiring Bus Company and Driver to Preserve and Immediately Turn Over Releveant Electronic Monitoring Information from Bus and Driver Cell | 7/5/2017 | 144-150 |
| 13 | Order Admitting to Practice, Darrell L. Barger, John C. Dacus, and Brian Rawson | 7/11/2017 | 151-153 |
| 14 | Request for Exemption from Arbitration | 7/11/2017 | 154-159 |
| 15 | Order Granting Plaintiffs' Motion for Preferential Trial Setting | 7/20/2017 | 160-164 |
| 16 | Commissioner's Decision on Request for Exemption | 7/26/2017 | 165-168 |
| 17 | Order Admitting to Practice - Brian Keith Gibson | 8/11/2017 | 169-171 |
| 18 | Order Admitting to Practice - C. Scott Toomey | 8/11/2017 | 172-174 |
| 19 | Case Management Order | 8/16/2017 | 175-182 |
| 20 | Special Master Order | 8/18/2017 | 183-185 |
| 21 | Order Admitting to Practice | 8/23/2017 | 186-189 |
| 22 | Special Master Report | 8/24/2017 | 190-191 |
| 23 | Stipulated Protective Order | 8/24/2017 | 192-201 |
| 24 | Order Admitting to Practice | 8/24/2017 | 202-204 |
| 25 | Order Admitting to Practice – Ughetta | 8/25/2017 | 205-207 |
| 26 | L. Stokes Report | 8/28/2017 | 208-221 |
| 27 | Order Admitting to Practice | 9/6/2017 | 222-224 |
| 28 | Stipulation and Order to Continue Hearing on Motion for Reconsideration | 9/6/2017 | 225-231 |
| 29 | Special Master Report and Order Allowing Motor Coach Industries to Commence Edward Hubbard Deposition | 9/12/2017 | 232-236 |
| 30 | Special Master Report | 9/27/2017 | 237-239 |
| 31 | Special Master Report Regarding Dr. Jack E. Hubbard Deposition | 10/3/2017 | 240-243 |
| 32 | Special Master Report | 10/10/2017 | 244-246 |

# EXHIBIT 1

# EXHIBIT 1

Electronically Filed
5/25/2017 1:40 PM
Steven D. Grierson
CLERK OF THE COURT

WILL KEMP, ESQ. (#1205)
ERIC PEPPERMAN, ESQ. (#11679)
e.pepperman@kempjones.com
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
Facsimile: (702) 385-6001

PETER S. CHRISTIANSEN, ESQ. (#5254)
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ. (#9611)
kworks@christiansenlaw.com
CHRISTIANSEN LAW OFFICES
810 South Casino Center Blvd.
Las Vegas, Nevada 89101
Telephone: (702) 240-7979
Facsimile: (866) 412-6992

*Attorneys for Plaintiffs*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| KEON KHIABANI and ARIA KHIABANI, minors by and through their natural mother, KATAYOUN BARIN; and KATAYOUN BARIN, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>MOTOR COACH INDUSTRIES, INC., a Delaware corporation; MICHELANGELO LEASING INC. d/b/a RYAN'S EXPRESS, an Arizona corporation; EDWARD HUBBARD, a Nevada resident; VISTA OUTDOOR INC. d/b/a GIRO SPORT DESIGN, a Delaware corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20.<br><br>Defendants. | Case No.: A-17-755977-C<br><br>Dept. No.: Department 31<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>ARBITRATION EXEMPTION CLAIMED Damages Exceed $50,000.00 |

COME NOW Plaintiffs, KEON KHIABANI and ARIA KHIABANI, minors by and

through their natural mother, KATAYOUN ("KATY") BARIN and KATY BARIN,

individually, by and through their attorneys, Will Kemp, Esq. and Eric Pepperman, Esq. of the

law firm KEMP, JONES & COULTHARD, LLP and Peter S. Christiansen, Esq. and Kendelee

*(left margin, vertical text)* KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

1  L. Works, Esq. of CHRISTIANSEN LAW OFFICES, and for their claims against the

2  Defendants, and each of them, complain and allege as follows:

3  **THE PARTIES**

4  1.   At all relevant times, Plaintiff minors KEON KHIABANI and ARIA KHIABANI

5  ("Plaintiff minors") were and are residents of Clark County, Nevada.  Plaintiff minors are the

6  natural children of Dr. Kayvan Khiabani (Decedent) and Plaintiff Katy Barin.

7  2.   At all relevant times, Plaintiff KATY BARIN was and is a resident of Clark County,

8  Nevada.  At the time of the incident described herein, Decedent and Plaintiff Katy Barin were

9  husband and wife and resided with the Plaintiff minors in Clark County, Nevada.

10  3.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

11  Defendant MOTOR COACH INDUSTRIES, INC. ("MCI") was and is a corporation organized

12  and existing under the laws of the State of Delaware and authorized to do business in the State

13  of Nevada, including Clark County.  MCI designs, manufacturers, markets, and sells

14  commercial tour buses (aka Motor Coaches).  Defendant MCI designed, manufactured, and sold

15  the 2008, full-size Motor Coach involved in the incident described herein.

16  4.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

17  Defendant MICHELANGELO LEASING INC. d/b/a RYAN'S EXPRESS ("Ryan's Express")

18  was and is a corporation organized and existing under the laws of the State of Arizona and

19  authorized to do business in the State of Nevada.  Ryan's Express is a ground transportation

20  company that provides charter bus services for group transportation.  Defendant Ryan's Express

21  owned and operated the MCI bus involved in the incident described herein.

22  5.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

23  Defendant EDWARD HUBBARD was and is a resident of Clark County, Nevada.  Edward

24  Hubbard is employed by Ryan's Express as a bus driver.  As part of his duties and

25  responsibilities, Hubbard operates full-size Motor Coaches and was operating the MCI bus at

26  the time of the incident described herein.

27  6.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

28  Defendant VISTA OUTDOOR, INC. d/b/a GIRO SPORT DESIGN ("Giro") was and is a

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

corporation organized and existing under the laws of the State of Delaware and authorized to do business in the State of Nevada, including Clark County. GIRO designs, manufactures, markets, and sells protective gear and accessories for sport activities, including cycling helmets. Defendant Giro designed, manufactured, and sold the helmet that Dr. Kayvan Khiabani was wearing at the time of the incident described herein.

7.  The true names and capacities, whether individual, corporate, association or otherwise of the Defendants, DOES 1 through 20 and/or ROE CORPORATIONS 1 through 20, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe, and thereupon allege, that each of the Defendants designated herein as DOES and/or ROE CORPORATIONS is responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages to Plaintiffs alleged herein. Plaintiffs will ask leave of the court to amend this Complaint to insert the true names and capacities of said Defendants, DOES 1 through 20 and/or ROE CORPORATIONS 1 through 20, inclusive when the same have been ascertained by Plaintiffs, together with the appropriate charging allegations, and to join such Defendants in this action.

8.  Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that such Defendant's officers, agents, servants, employees, or representatives did such act or thing and at the time such act or thing was done, it was done with full authorization or ratification of such Defendant or was done in the normal and routine course and scope of business, or with the actual, apparent and/or implied authority of such Defendant's officers, agents, servants, employees, or representatives.  Specifically, Defendants are liable for the actions of its officers, agents, servants, employees, and representatives.

9.  All of the Defendants as named herein are jointly and severally liable to Plaintiffs for Plaintiffs' damages.

10. Plaintiffs are informed and believe, and thereupon allege, that Defendants, and each of them, jointly and in concert undertook to perform the acts as alleged herein, that Defendants and

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

each of them had full knowledge of the acts of each co-Defendant as alleged herein, and that each Defendant authorized or subsequently ratified the acts of each co-Defendant as alleged herein, making each co-Defendant an agent of the other Defendants and making each Defendant jointly responsible and liable for the acts and omissions of each co-Defendant as alleged herein.

## JURISDICTION AND VENUE

11. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

12. Venue is proper in this Court because the incident giving rise to this lawsuit occurred in Clark County, Nevada.

## GENERAL ALLEGATIONS

13. On or about April 18, 2017, Dr. Kayvan Khiabani was riding his Scott Solace 10 Disc road bicycle southbound in a designated bicycle lane on S. Pavilion Center Drive near the Red Rock Resort and Casino in Las Vegas, Nevada. At the time, Dr. Khiabani was wearing a bicycle helmet designed, manufactured, and sold by Giro.

14. Upon information and belief, at approximately 10:34 AM, as he approached the intersection of S. Pavilion Center Drive and Griffith Peak Drive, Dr. Khiabani was overtaken by a large tour bus on his left side.

15. The bus was a 2008, full-size Motor Coach that was designed, manufactured, and sold by Defendant MCI. Upon information and belief, the subject bus was designed and manufactured without proximity sensors to alert the driver of adjacent pedestrians and/or bicyclists that may be difficult to see or to alert such pedestrians and/or bicyclists.

16. At the time, the bus was owned and operated by Defendant Ryan's Express and being driven by Defendant Edward Hubbard, an employee of Ryan's Express.

17. Upon information and belief, at the time that it overtook Dr. Khiabani, the bus was traveling in excess of the posted speed limit and traversing out of the right-hand turn lane and crossing over the designated bicycle lane from the right side of Dr. Khiabani to the left side of Dr. Khiabani.

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

4

1    18. As it crossed over the designated bicycle lane to overtake Dr. Khiabani on the left, the

2  bus and Decedent's bicycle collided.

3    19. As a direct and proximate result of this collision, Dr. Khiabani suffered catastrophic

4  internal and external injuries, including to his head, severe shock to his nervous system, and

5  great pain and suffering.  Dr. Khiabani was transported from the scene of the accident and

6  ultimately died from his injuries.

### FIRST CLAIM FOR RELIEF

### (STRICT LIABILITY: DEFECTIVE CONDITION OR

### FAILURE TO WARN AGAINST DEFENDANT MCI)

10    20.  Plaintiffs incorporate by this reference each and every allegation previously made in

11  this Complaint, as if fully set forth herein.

12    21. Defendant MCI, or its predecessors and/or affiliates, were responsible for the design,

13  manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the

14  subject bus.

15    22. At the time of the above-described incident, the subject bus was being used in a manner

16  foreseeable by Defendant MCI.

17    23. As so used, and from the time the bus left the hands of Defendant MCI, the subject bus

18  was defective, unfit, and unreasonably dangerous for its foreseeable use.

19    24. The subject bus was further defective and unreasonably dangerous in that Defendant

20  MCI failed to provide adequate warnings about dangers that were known or should have been

21  known by MCI and/or failed to provide adequate instructions for the bus' safe and proper use.

22    25. The aforementioned incident was a direct and proximate result of a defect or defects in

23  the bus and/or the failure of Defendant MCI to warn of defects that were either known or should

24  have been known or to instruct in the safe and proper use of the bus.  As a result, Defendant

25  MCI should be held strictly liable in tort to Plaintiffs.

26    26. As a direct and proximate result of the defective nature of the subject bus, Decedent Dr.

27  Kayvan Khiabani suffered catastrophic personal injuries and died.

28

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

5

27. As a direct and proximate result of the acts and omissions of Defendant MCI, Decedent sustained past, present, and future lost wages, which would otherwise have been gained in his employment if not for his death proximately caused by this accident, far in excess of Fifteen Thousand Dollars ($15,000.00).

28. As a direct and proximate result of the acts and omissions of Defendant MCI, the Plaintiff minors each have been deprived of their father's comfort, support, companionship, society, and consortium, and further, each has suffered great grief, sorrow, and extreme emotional distress as a result of the death of their father, to each for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00). The minor children also seek to recover for the pain, suffering, and disfigurement of their father.

29. As a direct and proximate result of the acts and omissions of Defendant MCI, Plaintiff Katy Barin has been deprived of her husband's comfort, support, companionship, society, and consortium, and further, has suffered great grief, sorrow, and extreme emotional distress as a result of the death of her husband, for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00). Plaintiff Katy Barin also seeks to recover for the pain, suffering, and disfigurement of her husband.

30. As a direct and proximate result of the acts and omissions of Defendant MCI, Plaintiffs have suffered general and special damages in an amount far in excess of Fifteen Thousand Dollars ($15,000.00).

31. In carrying out its responsibilities for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the subject bus, Defendant MCI acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others.

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

EJDC - 000007

1   As a direct and proximate result of the conduct of Defendant MCI, Plaintiffs are entitled to

2   punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

3       32. Plaintiffs have been required to retain legal counsel to prosecute this action, and are

4   therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

5                          **SECOND CLAIM FOR RELIEF**

6                  **(NEGLIGENCE AGAINST DEFENDANTS RYAN'S EXPRESS**

7                          **AND EDWARD HUBBARD)**

8       33. Plaintiffs incorporate by this reference each and every allegation previously made in this

9   Complaint, as if fully set forth herein.

10      34. Defendant Ryan's Express is vicariously liable for the wrongful acts or omissions of its

11  employee, Defendant Hubbard, in connection with the subject accident because: (i) at the time

12  of the subject accident, Defendant Hubbard was under the control of Defendant Ryan's Express,

13  and (ii) at the time of the subject accident, Defendant Hubbard was acting within the scope of

14  his employment with Ryan's Express.

15      35. Defendants Ryan's Express and Edward Hubbard owed a duty of care to Dr. Khiabani

16  and Plaintiffs to exercise due care in the operation of the 2008, full-size commercial tour bus.

17      36. Defendants were negligent and breached this duty of care, *inter alia*: (i) by overtaking

18  Dr. Khiabani at an unsafe speed, which, upon information and belief, also exceeded the posted

19  speed limit; (ii) by failing to give an audible warning with the horn before overtaking Dr.

20  Khiabani; (iii) by failing to overtake Dr. Khiabani in a reasonably safe manner; (iv) by failing to

21  ensure that Dr. Khiabani's bicycle was safely clear before overtaking the bicycle; (v) by failing

22  to leave at least 3 feet between any portion of the bus and Dr. Khiabani and/or his bicycle at the

23  time that the bus overtook Dr. Khiabani; (vi) by failing to yield the right-of-way to Dr.

24  Khiabani; and (vii) by entering, crossing over, and/or driving within the designated bicycle lane

25  while Dr. Khiabani was traveling therein.

26      37. As a direct and proximate result of these negligent acts and omissions, Decedent Dr.

27  Kayvan Khiabani suffered catastrophic personal injuries and died.

28

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

1    38. As a direct and proximate result of the negligent acts and omissions of Defendants

2  Ryan's Express and Edward Hubbard, Decedent sustained past, present, and future lost wages,

3  which would otherwise have been gained in his employment if not for his death proximately

4  caused by this accident, far in excess of Fifteen Thousand Dollars ($15,000.00).

5    39. As a direct and proximate result of the negligent acts and omissions of Defendants

6  Ryan's Express and Edward Hubbard, the Plaintiff minors each have been deprived of their

7  father's comfort, support, companionship, society, and consortium, and further, each has

8  suffered great grief, sorrow, and extreme emotional distress as a result of the death of their

9  father, to each for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and

10  economic damages far in excess of Fifteen Thousand Dollars ($15,000.00).  The minor children

11  also seek to recover for the pain, suffering, and disfigurement of their father.

12    40. As a direct and proximate result of the negligent acts and omissions of Defendants

13  Ryan's Express and Edward Hubbard, Plaintiff Katy Barin has been deprived of her husband's

14  comfort, support, companionship, society, and consortium, and further, has suffered great grief,

15  sorrow, and extreme emotional distress as a result of the death of her husband, for general

16  damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in

17  excess of Fifteen Thousand Dollars ($15,000.00).  Plaintiff Katy Barin also seeks to recover for

18  the pain, suffering, and disfigurement of her husband.

19    41. As a direct and proximate result of the negligent acts and omissions of Defendants

20  Ryan's Express and Edward Hubbard, Plaintiffs have suffered general and special damages in

21  an amount far in excess of Fifteen Thousand Dollars ($15,000.00).

22    42. Plaintiffs have been required to retain legal counsel to prosecute this action, and are

23  therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

24  / / /

25  / / /

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

### THIRD CLAIM FOR RELIEF

### (NEGLIGENCE PER SE AGAINST DEFENDANTS
### RYAN'S EXPRESS AND EDWARD HUBBARD)

43. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

44. When the subject bus overtook Dr. Khiabani at the time of the incident, Defendants Ryan's Express and Edward Hubbard violated Nev. Rev. Stat. § 484B.270, *inter alia*: (i) by overtaking Dr. Khiabani at an unsafe speed, which, upon information and belief, also exceeded the posted speed limit; (ii) by failing to give an audible warning with the horn before overtaking Dr. Khiabani; (iii) by failing to overtake Dr. Khiabani in a reasonably safe manner; (iv) by failing to ensure that Dr. Khiabani's bicycle was safely clear before overtaking the bicycle; (v) by failing to leave at least 3 feet between any portion of the bus and Dr. Khiabani and/or his bicycle at the time that the bus overtook Dr. Khiabani; (vi) by failing to yield the right-of-way to Dr. Khiabani; and (vii) by entering, crossing over, and/or driving within the designated bicycle lane while Dr. Khiabani was traveling therein.

45. These violations, and each of them, were a legal cause of the incident and Plaintiffs' resulting injuries.

46. Plaintiffs belong to the class of persons that the safety requirements in NRS 484B.270 are intended to protect.

47. As a direct and proximate cause of Defendants violations of NRS 484B.270, and each of them, Plaintiffs have suffered general and special damages far in excess of Fifteen Thousand Dollars ($15,000.00), as outlined above.

48. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

/ / /

/ / /

9                          EJDC - 000010

# FOURTH CLAIM FOR RELIEF

## (NEGLIGENT TRAINING AGAINST DEFENDANT RYAN'S EXPRESS)

49. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

50. Defendant Ryan's Express owed a duty of care to Dr. Khiabani and Plaintiffs to adequately train its drivers, including Defendant Edward Hubbard, to safely operate its commercial tour busses, including the bus involved in the subject incident.

51. Defendant Ryan's Express was negligent and breached this duty of care by failing to adequately train its drivers, including Edward Hubbard, to safely operate its commercial tour busses, including the bus involved in the subject incident.  Defendant Ryan's Express further breached this duty of care by entrusting the subject tour bus to an inadequately trained person (i.e., Defendant Hubbard).

52. These negligent acts and omissions, and each of them, were a legal cause of the incident and Plaintiffs' resulting injuries.

53. As a direct and proximate result of these negligent acts and omissions, Plaintiffs have suffered general and special damages far in excess of Fifteen Thousand Dollars ($15,000.00), as outlined above.

54. In carrying out its responsibility to adequately train its drivers, Defendant Ryan's Express acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others.  As a direct and proximate result of the conduct of Defendant Ryan's Express, Plaintiffs are entitled to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

55. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

/ / /

/ / /

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

## FIFTH CLAIM FOR RELIEF

## (STRICT LIABILITY: DEFECTIVE CONDITION OR
## FAILURE TO WARN AGAINST DEFENDANT GIRO)

56. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

57. Defendant Giro, or its predecessors and/or affiliates, were responsible for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the helmet that Dr. Khiabani was wearing at the time of the above-described accident.

58. At the time of the subject accident, and at all other times material hereto, the helmet was being used in a manner foreseeable by Defendant Giro.

59. As so used, the subject helmet was defective, unfit, and unreasonably dangerous for its foreseeable use in that there was inadequate protection of the head by the helmet, which caused or contributed to the death of Dr. Khiabani.

60. The subject helmet was further defective and unreasonably dangerous in that Defendant Giro failed to provide adequate warnings about dangers that were either known or should have been known by Giro and/or failed to provide adequate instructions regarding the helmet's safe and proper use.

61. The aforementioned death of Dr. Khiabani was a direct and proximate result of a defect or defects in the helmet and/or the failure of Defendant Giro to warn of defects that were either known or should have been known or to instruct in the safe and proper use of the helmet. As a result, Defendant Giro should be held strictly liable in tort to Plaintiffs.

62. As a direct and proximate result of the defective nature of the helmet and said deficiencies in warnings and/or instructions, Decedent Dr. Kayvan Khiabani suffered a catastrophic head injury and ultimately died.

63. As a direct and proximate result of the acts and omissions of Defendant Giro, Decedent sustained past, present, and future lost wages, which would otherwise have been gained in his employment if not for his death, far in excess of Fifteen Thousand Dollars ($15,000.00).

11

64. As a direct and proximate result of the acts and omissions of Defendant Giro, the Plaintiff minors each have been deprived of their father's comfort, support, companionship, society, and consortium, and further, each has suffered great grief, sorrow, and extreme emotional distress as a result of the death of their father, to each for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00). The minor children also seek to recover for the pain, suffering, and disfigurement of their father.

65. As a direct and proximate result of the acts and omissions of Defendant Giro, Plaintiff Katy Barin has been deprived of her husband's comfort, support, companionship, society, and consortium, and further, has suffered great grief, sorrow, and extreme emotional distress as a result of the death of her husband, for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00). Plaintiff Katy Barin also seeks to recover for the pain, suffering, and disfigurement of her husband.

66. As a direct and proximate result of the acts and omissions of Defendant Giro, Plaintiffs have suffered general and special damages in an amount far in excess of Fifteen Thousand Dollars ($15,000.00).

67. In carrying out its responsibilities for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the subject helmet, Defendant Giro acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others. As a direct and proximate result of the conduct of Defendant Giro, Plaintiffs are entitled to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

68. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

12

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

## SIXTH CLAIM FOR RELIEF

## (BREACH OF IMPLIED WARRANTY OF FITNESS FOR A

## PARTICULAR PURPOSE AGAINST DEFENDANT GIRO)

69. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

70. Giro and Decedent, Dr. Khiabani, entered into a contract for the sale of goods (i.e., the Giro helmet).

71. Defendant Giro had reason to know of the particular purpose for which the helmet was required by Dr. Khiabani (i.e., to wear while riding his road bicycle).

72. Dr. Khiabani relied on Defendant Giro's skill or judgment to furnish suitable goods for this purpose.

73. The helmet sold by Defendant Giro to Dr. Khiabani was not fit for said purpose and, as a direct and proximate result, Plaintiffs have suffered general and special damages far in excess of Fifteen Thousand Dollars ($15,000.00), as outlined above.

74. In carrying out its responsibilities for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the subject helmet, Defendant Giro acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others. As a direct and proximate result of the conduct of Defendant Giro, Plaintiffs are entitled to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

75. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

## SEVENTH CLAIM FOR RELIEF

## (WRONGFUL DEATH AGAINST ALL DEFENDANTS)

76. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

77. Plaintiff minors and Plaintiff Katy Barin are the heirs of Decedent and are entitled to maintain an action for damages against the Defendants for the wrongful death of Dr. Kayvan Khiabani.

78. As a result of the injuries to and death of Dr. Khiabani, Plaintiffs are entitled to damages, including, but not limited to: pecuniary damages for their grief and sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering and disfigurement of the Decedent.

79. As a direct and proximate result of the wrongful death of Dr. Khiabani, Plaintiffs have been damaged in an amount far in excess of Fifteen Thousand Dollars ($15,000.00).

80. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

/ / /

/ / /

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

14

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment of this Court as follows:

1. Past and future general damages in an amount in excess of fifteen thousand dollars ($15,000.00);

2. Past and future special damages in an amount in excess of fifteen thousand dollars ($15,000.00);

3. Past and future damages for the wrongful death of Dr. Kayvan Khiabani, as set forth in NRS 41.085, in an amount in excess of fifteen thousand dollars ($15,000.00);

4. Punitive damages in an amount in excess of fifteen thousand dollars ($15,000.00);

5. Prejudgment and post-judgment interest, as allowed by law;

6. Costs of suit and reasonable attorneys' fees, as allowed by law, in an amount to be determined; and

7. For such other and further relief that the Court may deem just and proper.

DATED this 25 day of May, 2017.

KEMP, JONES & COULTHARD, LLP

WILL KEMP, ESQ. (#1205)
ERIC PEPPERMAN, ESQ. (#11679)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

-and-

PETER S. CHRISTIANSEN, ESQ. (#5254)
KENDELEE L. WORKS, ESQ. (#9611)
CHRISTIANSEN LAW OFFICES
810 South Casino Center Blvd.
Las Vegas, Nevada 89101

*Attorneys for Plaintiffs*

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

EJDC - 000016

**DEMAND FOR JURY TRIAL**

Plaintiffs by and through their attorneys of record, KEMP, JONES & COULTHARD, LLP and CHRISTIANSEN LAW OFFICES, hereby demand a jury trial of all of the issues in the above matter.

DATED this 25 day of May, 2017.

KEMP, JONES & COULTHARD, LLP

WILL KEMP, ESQ. (#1205)
ERIC PEPPERMAN, ESQ. (#11679)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

-and-

PETER S. CHRISTIANSEN, ESQ. (#5254)
KENDELEE L. WORKS, ESQ. (#9611)
CHRISTIANSEN LAW OFFICES
810 South Casino Center Blvd.
Las Vegas, Nevada  89101

*Attorneys for Plaintiffs*

16                          EJDC - 000017

# EXHIBIT 2

# EXHIBIT 2

EJDC - 000018

Electronically Filed
5/25/2017 1:40 PM
Steven D. Grierson
CLERK OF THE COURT

1  WILL KEMP, ESQ. (#1205)
   ERIC PEPPERMAN, ESQ. (#11679)
2  e.pepperman@kempjones.com
   KEMP, JONES & COULTHARD, LLP
3  3800 Howard Hughes Parkway, 17th Floor
   Las Vegas, Nevada 89169
4  Telephone: (702) 385-6000
   Facsimile:  (702) 385-6001
5
   PETER S. CHRISTIANSEN, ESQ. (#5254)
6  pete@christiansenlaw.com
   KENDELEE L. WORKS, ESQ. (#9611)
7  kworks@christiansenlaw.com
   CHRISTIANSEN LAW OFFICES
8  810 South Casino Center Blvd.
   Las Vegas, Nevada  89101
9  Telephone:  (702) 240-7979
   Facsimile:   (866) 412-6992
10
11 *Attorneys for Plaintiffs*

DISTRICT COURT

CLARK COUNTY, NEVADA

13

14 KEON KHIABANI and ARIA KHIABANI,
   minors by and through their natural mother,
15 KATAYOUN BARIN; and KATAYOUN
   BARIN, individually,
16
        Plaintiffs,
17
18 vs.

19 MOTOR COACH INDUSTRIES, INC.,
   a Delaware corporation; MICHELANGELO
20 LEASING INC. d/b/a RYAN'S EXPRESS,
   an Arizona corporation; EDWARD
21 HUBBARD, a Nevada resident; VISTA
   OUTDOOR INC. d/b/a GIRO SPORT
22 DESIGN, a Delaware corporation;
   DOES 1 through 20; and ROE
23 CORPORATIONS 1 through 20.

24        Defendants.

Case No.:  A-17-755977-C

Dept. No.:  Department 31

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

ARBITRATION EXEMPTION CLAIMED
Damages Exceed $50,000.00

25        COME NOW Plaintiffs, KEON KHIABANI and ARIA KHIABANI, minors by and

26 through their natural mother, KATAYOUN ("KATY") BARIN and KATY BARIN,

27 individually, by and through their attorneys, Will Kemp, Esq. and Eric Pepperman, Esq. of the

28 law firm KEMP, JONES & COULTHARD, LLP and Peter S. Christiansen, Esq. and Kendelee

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

1

EJDC - 000019

1  L. Works, Esq. of CHRISTIANSEN LAW OFFICES, and for their claims against the

2  Defendants, and each of them, complain and allege as follows:

### THE PARTIES

4  1.  At all relevant times, Plaintiff minors KEON KHIABANI and ARIA KHIABANI

5  ("Plaintiff minors") were and are residents of Clark County, Nevada.  Plaintiff minors are the

6  natural children of Dr. Kayvan Khiabani (Decedent) and Plaintiff Katy Barin.

7  2.  At all relevant times, Plaintiff KATY BARIN was and is a resident of Clark County,

8  Nevada.  At the time of the incident described herein, Decedent and Plaintiff Katy Barin were

9  husband and wife and resided with the Plaintiff minors in Clark County, Nevada.

10  3.  Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

11  Defendant MOTOR COACH INDUSTRIES, INC. ("MCI") was and is a corporation organized

12  and existing under the laws of the State of Delaware and authorized to do business in the State

13  of Nevada, including Clark County.  MCI designs, manufacturers, markets, and sells

14  commercial tour buses (aka Motor Coaches).  Defendant MCI designed, manufactured, and sold

15  the 2008, full-size Motor Coach involved in the incident described herein.

16  4.  Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

17  Defendant MICHELANGELO LEASING INC. d/b/a RYAN'S EXPRESS ("Ryan's Express")

18  was and is a corporation organized and existing under the laws of the State of Arizona and

19  authorized to do business in the State of Nevada.  Ryan's Express is a ground transportation

20  company that provides charter bus services for group transportation.  Defendant Ryan's Express

21  owned and operated the MCI bus involved in the incident described herein.

22  5.  Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

23  Defendant EDWARD HUBBARD was and is a resident of Clark County, Nevada.  Edward

24  Hubbard is employed by Ryan's Express as a bus driver.  As part of his duties and

25  responsibilities, Hubbard operates full-size Motor Coaches and was operating the MCI bus at

26  the time of the incident described herein.

27  6.  Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

28  Defendant VISTA OUTDOOR, INC. d/b/a GIRO SPORT DESIGN ("Giro") was and is a

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

2

1   corporation organized and existing under the laws of the State of Delaware and authorized to do

2   business in the State of Nevada, including Clark County.  GIRO designs, manufactures,

3   markets, and sells protective gear and accessories for sport activities, including cycling helmets.

4   Defendant Giro designed, manufactured, and sold the helmet that Dr. Kayvan Khiabani was

5   wearing at the time of the incident described herein.

6       7.   The true names and capacities, whether individual, corporate, association or otherwise of

7   the Defendants, DOES 1 through 20 and/or ROE CORPORATIONS 1 through 20, inclusive,

8   are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs

9   are informed and believe, and thereupon allege, that each of the Defendants designated herein as

10  DOES and/or ROE CORPORATIONS is responsible in some manner for the events and

11  happenings herein referred to, and in some manner caused the injuries and damages to Plaintiffs

12  alleged herein. Plaintiffs will ask leave of the court to amend this Complaint to insert the true

13  names and capacities of said Defendants, DOES 1 through 20 and/or ROE CORPORATIONS 1

14  through 20, inclusive when the same have been ascertained by Plaintiffs, together with the

15  appropriate charging allegations, and to join such Defendants in this action.

16      8.   Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is

17  meant that such Defendant's officers, agents, servants, employees, or representatives did such

18  act or thing and at the time such act or thing was done, it was done with full authorization or

19  ratification of such Defendant or was done in the normal and routine course and scope of

20  business, or with the actual, apparent and/or implied authority of such Defendant's officers,

21  agents, servants, employees, or representatives.  Specifically, Defendants are liable for the

22  actions of its officers, agents, servants, employees, and representatives.

23

24      9.   All of the Defendants as named herein are jointly and severally liable to Plaintiffs for

25  Plaintiffs' damages.

26      10. Plaintiffs are informed and believe, and thereupon allege, that Defendants, and each of

27  them, jointly and in concert undertook to perform the acts as alleged herein, that Defendants and

28

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

3                    EJDC - 000021

each of them had full knowledge of the acts of each co-Defendant as alleged herein, and that each Defendant authorized or subsequently ratified the acts of each co-Defendant as alleged herein, making each co-Defendant an agent of the other Defendants and making each Defendant jointly responsible and liable for the acts and omissions of each co-Defendant as alleged herein.

## JURISDICTION AND VENUE

11. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

12. Venue is proper in this Court because the incident giving rise to this lawsuit occurred in Clark County, Nevada.

## GENERAL ALLEGATIONS

13. On or about April 18, 2017, Dr. Kayvan Khiabani was riding his Scott Solace 10 Disc road bicycle southbound in a designated bicycle lane on S. Pavilion Center Drive near the Red Rock Resort and Casino in Las Vegas, Nevada. At the time, Dr. Khiabani was wearing a bicycle helmet designed, manufactured, and sold by Giro.

14. Upon information and belief, at approximately 10:34 AM, as he approached the intersection of S. Pavilion Center Drive and Griffith Peak Drive, Dr. Khiabani was overtaken by a large tour bus on his left side.

15. The bus was a 2008, full-size Motor Coach that was designed, manufactured, and sold by Defendant MCI. Upon information and belief, the subject bus was designed and manufactured without proximity sensors to alert the driver of adjacent pedestrians and/or bicyclists that may be difficult to see or to alert such pedestrians and/or bicyclists.

16. At the time, the bus was owned and operated by Defendant Ryan's Express and being driven by Defendant Edward Hubbard, an employee of Ryan's Express.

17. Upon information and belief, at the time that it overtook Dr. Khiabani, the bus was traveling in excess of the posted speed limit and traversing out of the right-hand turn lane and crossing over the designated bicycle lane from the right side of Dr. Khiabani to the left side of Dr. Khiabani.

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kic@kempjones.com

4                                          EJDC - 000022

1    18. As it crossed over the designated bicycle lane to overtake Dr. Khiabani on the left, the

2    bus and Decedent's bicycle collided.

3    19. As a direct and proximate result of this collision, Dr. Khiabani suffered catastrophic

4    internal and external injuries, including to his head, severe shock to his nervous system, and

5    great pain and suffering.  Dr. Khiabani was transported from the scene of the accident and

6    ultimately died from his injuries.

## FIRST CLAIM FOR RELIEF

## (STRICT LIABILITY: DEFECTIVE CONDITION OR

## FAILURE TO WARN AGAINST DEFENDANT MCI)

10    20.  Plaintiffs incorporate by this reference each and every allegation previously made in

11    this Complaint, as if fully set forth herein.

12    21. Defendant MCI, or its predecessors and/or affiliates, were responsible for the design,

13    manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the

14    subject bus.

15    22. At the time of the above-described incident, the subject bus was being used in a manner

16    foreseeable by Defendant MCI.

17    23. As so used, and from the time the bus left the hands of Defendant MCI, the subject bus

18    was defective, unfit, and unreasonably dangerous for its foreseeable use.

19    24. The subject bus was further defective and unreasonably dangerous in that Defendant

20    MCI failed to provide adequate warnings about dangers that were known or should have been

21    known by MCI and/or failed to provide adequate instructions for the bus' safe and proper use.

22    25. The aforementioned incident was a direct and proximate result of a defect or defects in

23    the bus and/or the failure of Defendant MCI to warn of defects that were either known or should

24    have been known or to instruct in the safe and proper use of the bus.  As a result, Defendant

25    MCI should be held strictly liable in tort to Plaintiffs.

26    26. As a direct and proximate result of the defective nature of the subject bus, Decedent Dr.

27    Kayvan Khiabani suffered catastrophic personal injuries and died.

28

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

5

27. As a direct and proximate result of the acts and omissions of Defendant MCI, Decedent sustained past, present, and future lost wages, which would otherwise have been gained in his employment if not for his death proximately caused by this accident, far in excess of Fifteen Thousand Dollars ($15,000.00).

28. As a direct and proximate result of the acts and omissions of Defendant MCI, the Plaintiff minors each have been deprived of their father's comfort, support, companionship, society, and consortium, and further, each has suffered great grief, sorrow, and extreme emotional distress as a result of the death of their father, to each for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00). The minor children also seek to recover for the pain, suffering, and disfigurement of their father.

29. As a direct and proximate result of the acts and omissions of Defendant MCI, Plaintiff Katy Barin has been deprived of her husband's comfort, support, companionship, society, and consortium, and further, has suffered great grief, sorrow, and extreme emotional distress as a result of the death of her husband, for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00). Plaintiff Katy Barin also seeks to recover for the pain, suffering, and disfigurement of her husband.

30. As a direct and proximate result of the acts and omissions of Defendant MCI, Plaintiffs have suffered general and special damages in an amount far in excess of Fifteen Thousand Dollars ($15,000.00).

31. In carrying out its responsibilities for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the subject bus, Defendant MCI acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others.

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

EJDC - 000024

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

1  As a direct and proximate result of the conduct of Defendant MCI, Plaintiffs are entitled to

2  punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

3  32. Plaintiffs have been required to retain legal counsel to prosecute this action, and are

4  therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

5

6  ## SECOND CLAIM FOR RELIEF

7  ### (NEGLIGENCE AGAINST DEFENDANTS RYAN'S EXPRESS
AND EDWARD HUBBARD)

8

9  33. Plaintiffs incorporate by this reference each and every allegation previously made in this
Complaint, as if fully set forth herein.

10

11  34. Defendant Ryan's Express is vicariously liable for the wrongful acts or omissions of its

12  employee, Defendant Hubbard, in connection with the subject accident because: (i) at the time

13  of the subject accident, Defendant Hubbard was under the control of Defendant Ryan's Express,

14  and (ii) at the time of the subject accident, Defendant Hubbard was acting within the scope of

15  his employment with Ryan's Express.

16  35. Defendants Ryan's Express and Edward Hubbard owed a duty of care to Dr. Khiabani

17  and Plaintiffs to exercise due care in the operation of the 2008, full-size commercial tour bus.

18  36. Defendants were negligent and breached this duty of care, *inter alia*: (i) by overtaking

19  Dr. Khiabani at an unsafe speed, which, upon information and belief, also exceeded the posted

20  speed limit; (ii) by failing to give an audible warning with the horn before overtaking Dr.

21  Khiabani; (iii) by failing to overtake Dr. Khiabani in a reasonably safe manner; (iv) by failing to

22  ensure that Dr. Khiabani's bicycle was safely clear before overtaking the bicycle; (v) by failing

23  to leave at least 3 feet between any portion of the bus and Dr. Khiabani and/or his bicycle at the

24  time that the bus overtook Dr. Khiabani; (vi) by failing to yield the right-of-way to Dr.

25  Khiabani; and (vii) by entering, crossing over, and/or driving within the designated bicycle lane
while Dr. Khiabani was traveling therein.

26

27  37. As a direct and proximate result of these negligent acts and omissions, Decedent Dr.

28  Kayvan Khiabani suffered catastrophic personal injuries and died.

7                    EJDC - 000025

38. As a direct and proximate result of the negligent acts and omissions of Defendants Ryan's Express and Edward Hubbard, Decedent sustained past, present, and future lost wages, which would otherwise have been gained in his employment if not for his death proximately caused by this accident, far in excess of Fifteen Thousand Dollars ($15,000.00).

39. As a direct and proximate result of the negligent acts and omissions of Defendants Ryan's Express and Edward Hubbard, the Plaintiff minors each have been deprived of their father's comfort, support, companionship, society, and consortium, and further, each has suffered great grief, sorrow, and extreme emotional distress as a result of the death of their father, to each for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00). The minor children also seek to recover for the pain, suffering, and disfigurement of their father.

40. As a direct and proximate result of the negligent acts and omissions of Defendants Ryan's Express and Edward Hubbard, Plaintiff Katy Barin has been deprived of her husband's comfort, support, companionship, society, and consortium, and further, has suffered great grief, sorrow, and extreme emotional distress as a result of the death of her husband, for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00). Plaintiff Katy Barin also seeks to recover for the pain, suffering, and disfigurement of her husband.

41. As a direct and proximate result of the negligent acts and omissions of Defendants Ryan's Express and Edward Hubbard, Plaintiffs have suffered general and special damages in an amount far in excess of Fifteen Thousand Dollars ($15,000.00).

42. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

/ / /

/ / /

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

8

## THIRD CLAIM FOR RELIEF

## (NEGLIGENCE PER SE AGAINST DEFENDANTS
## RYAN'S EXPRESS AND EDWARD HUBBARD)

43. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

44. When the subject bus overtook Dr. Khiabani at the time of the incident, Defendants Ryan's Express and Edward Hubbard violated Nev. Rev. Stat. § 484B.270, *inter alia*: (i) by overtaking Dr. Khiabani at an unsafe speed, which, upon information and belief, also exceeded the posted speed limit; (ii) by failing to give an audible warning with the horn before overtaking Dr. Khiabani; (iii) by failing to overtake Dr. Khiabani in a reasonably safe manner; (iv) by failing to ensure that Dr. Khiabani's bicycle was safely clear before overtaking the bicycle; (v) by failing to leave at least 3 feet between any portion of the bus and Dr. Khiabani and/or his bicycle at the time that the bus overtook Dr. Khiabani; (vi) by failing to yield the right-of-way to Dr. Khiabani; and (vii) by entering, crossing over, and/or driving within the designated bicycle lane while Dr. Khiabani was traveling therein.

45. These violations, and each of them, were a legal cause of the incident and Plaintiffs' resulting injuries.

46. Plaintiffs belong to the class of persons that the safety requirements in NRS 484B.270 are intended to protect.

47. As a direct and proximate cause of Defendants violations of NRS 484B.270, and each of them, Plaintiffs have suffered general and special damages far in excess of Fifteen Thousand Dollars ($15,000.00), as outlined above.

48. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

///

///

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

**FOURTH CLAIM FOR RELIEF**

**(NEGLIGENT TRAINING AGAINST DEFENDANT RYAN'S EXPRESS)**

49. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

50. Defendant Ryan's Express owed a duty of care to Dr. Khiabani and Plaintiffs to adequately train its drivers, including Defendant Edward Hubbard, to safely operate its commercial tour busses, including the bus involved in the subject incident.

51. Defendant Ryan's Express was negligent and breached this duty of care by failing to adequately train its drivers, including Edward Hubbard, to safely operate its commercial tour busses, including the bus involved in the subject incident. Defendant Ryan's Express further breached this duty of care by entrusting the subject tour bus to an inadequately trained person (i.e., Defendant Hubbard).

52. These negligent acts and omissions, and each of them, were a legal cause of the incident and Plaintiffs' resulting injuries.

53. As a direct and proximate result of these negligent acts and omissions, Plaintiffs have suffered general and special damages far in excess of Fifteen Thousand Dollars ($15,000.00), as outlined above.

54. In carrying out its responsibility to adequately train its drivers, Defendant Ryan's Express acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others. As a direct and proximate result of the conduct of Defendant Ryan's Express, Plaintiffs are entitled to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

55. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

/ / /

/ / /

EJDC - 000028

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

## FIFTH CLAIM FOR RELIEF

## (STRICT LIABILITY: DEFECTIVE CONDITION OR
## FAILURE TO WARN AGAINST DEFENDANT GIRO)

56. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

57. Defendant Giro, or its predecessors and/or affiliates, were responsible for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the helmet that Dr. Khiabani was wearing at the time of the above-described accident.

58. At the time of the subject accident, and at all other times material hereto, the helmet was being used in a manner foreseeable by Defendant Giro.

59. As so used, the subject helmet was defective, unfit, and unreasonably dangerous for its foreseeable use in that there was inadequate protection of the head by the helmet, which caused or contributed to the death of Dr. Khiabani.

60. The subject helmet was further defective and unreasonably dangerous in that Defendant Giro failed to provide adequate warnings about dangers that were either known or should have been known by Giro and/or failed to provide adequate instructions regarding the helmet's safe and proper use.

61. The aforementioned death of Dr. Khiabani was a direct and proximate result of a defect or defects in the helmet and/or the failure of Defendant Giro to warn of defects that were either known or should have been known or to instruct in the safe and proper use of the helmet. As a result, Defendant Giro should be held strictly liable in tort to Plaintiffs.

62. As a direct and proximate result of the defective nature of the helmet and said deficiencies in warnings and/or instructions, Decedent Dr. Kayvan Khiabani suffered a catastrophic head injury and ultimately died.

63. As a direct and proximate result of the acts and omissions of Defendant Giro, Decedent sustained past, present, and future lost wages, which would otherwise have been gained in his employment if not for his death, far in excess of Fifteen Thousand Dollars ($15,000.00).

11

64. As a direct and proximate result of the acts and omissions of Defendant Giro, the Plaintiff minors each have been deprived of their father's comfort, support, companionship, society, and consortium, and further, each has suffered great grief, sorrow, and extreme emotional distress as a result of the death of their father, to each for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00).  The minor children also seek to recover for the pain, suffering, and disfigurement of their father.

65. As a direct and proximate result of the acts and omissions of Defendant Giro, Plaintiff Katy Barin has been deprived of her husband's comfort, support, companionship, society, and consortium, and further, has suffered great grief, sorrow, and extreme emotional distress as a result of the death of her husband, for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00).  Plaintiff Katy Barin also seeks to recover for the pain, suffering, and disfigurement of her husband.

66. As a direct and proximate result of the acts and omissions of Defendant Giro, Plaintiffs have suffered general and special damages in an amount far in excess of Fifteen Thousand Dollars ($15,000.00).

67. In carrying out its responsibilities for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the subject helmet, Defendant Giro acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others.  As a direct and proximate result of the conduct of Defendant Giro, Plaintiffs are entitled to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

68. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

12

## SIXTH CLAIM FOR RELIEF

### (BREACH OF IMPLIED WARRANTY OF FITNESS FOR A

### PARTICULAR PURPOSE AGAINST DEFENDANT GIRO)

69. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

70. Giro and Decedent, Dr. Khiabani, entered into a contract for the sale of goods (i.e., the Giro helmet).

71. Defendant Giro had reason to know of the particular purpose for which the helmet was required by Dr. Khiabani (i.e., to wear while riding his road bicycle).

72. Dr. Khiabani relied on Defendant Giro's skill or judgment to furnish suitable goods for this purpose.

73. The helmet sold by Defendant Giro to Dr. Khiabani was not fit for said purpose and, as a direct and proximate result, Plaintiffs have suffered general and special damages far in excess of Fifteen Thousand Dollars ($15,000.00), as outlined above.

74. In carrying out its responsibilities for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the subject helmet, Defendant Giro acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others. As a direct and proximate result of the conduct of Defendant Giro, Plaintiffs are entitled to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

75. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

## SEVENTH CLAIM FOR RELIEF

### (WRONGFUL DEATH AGAINST ALL DEFENDANTS)

76. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

13

EJDC - 000031

77. Plaintiff minors and Plaintiff Katy Barin are the heirs of Decedent and are entitled to maintain an action for damages against the Defendants for the wrongful death of Dr. Kayvan Khiabani.

78. As a result of the injuries to and death of Dr. Khiabani, Plaintiffs are entitled to damages, including, but not limited to: pecuniary damages for their grief and sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering and disfigurement of the Decedent.

79. As a direct and proximate result of the wrongful death of Dr. Khiabani, Plaintiffs have been damaged in an amount far in excess of Fifteen Thousand Dollars ($15,000.00).

80. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

/ / /

/ / /

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

14

1

## PRAYER FOR RELIEF

2       WHEREFORE, Plaintiffs pray for judgment of this Court as follows:

3   1.  Past and future general damages in an amount in excess of fifteen thousand dollars

4       ($15,000.00);

5   2.  Past and future special damages in an amount in excess of fifteen thousand dollars

6       ($15,000.00);

7   3.  Past and future damages for the wrongful death of Dr. Kayvan Khiabani, as set forth in

8       NRS 41.085, in an amount in excess of fifteen thousand dollars ($15,000.00);

9   4.  Punitive damages in an amount in excess of fifteen thousand dollars ($15,000.00);

10  5.  Prejudgment and post-judgment interest, as allowed by law;

11  6.  Costs of suit and reasonable attorneys' fees, as allowed by law, in an amount to be

12      determined; and

13  7.  For such other and further relief that the Court may deem just and proper.

14      DATED this 25 day of May, 2017.

15                                          KEMP, JONES & COULTHARD, LLP

16

17

18                                          WILL KEMP, ESQ. (#1205)
                                            ERIC PEPPERMAN, ESQ. (#11679)
19                                          3800 Howard Hughes Parkway, 17th Floor
                                            Las Vegas, Nevada 89169

20                                          -and-

21                                          PETER S. CHRISTIANSEN, ESQ. (#5254)
                                            KENDELEE L. WORKS, ESQ. (#9611)
22                                          CHRISTIANSEN LAW OFFICES
                                            810 South Casino Center Blvd.
23                                          Las Vegas, Nevada  89101

24                                          *Attorneys for Plaintiffs*

25

26

27

28

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

1   **DEMAND FOR JURY TRIAL**

2          Plaintiffs by and through their attorneys of record, KEMP, JONES & COULTHARD,

3   LLP and CHRISTIANSEN LAW OFFICES, hereby demand a jury trial of all of the issues in

4   the above matter.

5          DATED this 25 day of May, 2017.

6                                                          KEMP, JONES & COULTHARD, LLP

7

8

9                                                          WILL KEMP, ESQ. (#1205)
                                                           ERIC PEPPERMAN, ESQ. (#11679)
                                                           3800 Howard Hughes Parkway, 17th Floor
10                                                         Las Vegas, Nevada 89169

11                                                         -and-

12                                                         PETER S. CHRISTIANSEN, ESQ. (#5254)
                                                           KENDELEE L. WORKS, ESQ. (#9611)
13                                                         CHRISTIANSEN LAW OFFICES
                                                           810 South Casino Center Blvd.
14                                                         Las Vegas, Nevada  89101

15                                                         *Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28

16                                    EJDC - 000034

# EXHIBIT 2

# EXHIBIT 2

Electronically Filed
5/26/2017 1:57 PM
Steven D. Grierson
CLERK OF THE COURT

1  WILL KEMP, ESQ. (#1205)
   ERIC PEPPERMAN, ESQ. (#11679)
2  e.pepperman@kempjones.com
   KEMP, JONES & COULTHARD, LLP
3  3800 Howard Hughes Parkway, 17th Floor
   Las Vegas, NV 89169
4  Telephone: (702) 385-6000

5  PETER S. CHRISTIANSEN, ESQ. (#5254)
   pete@christiansenlaw.com
6  KENDELEE L. WORKS, ESQ. (#9611)
   kworks@christiansenlaw.com
7  CHRISTIANSEN LAW OFFICES
   810 Casino Center Blvd.
8  Las Vegas, Nevada 89101
   Telephone: (702) 240-7979
9
   *Attorneys for Plaintiffs*
10
                                    **DISTRICT COURT**
11
                              **COUNTY OF CLARK, NEVADA**
12
13 KEON KHIABANI and ARIA KHIABANI,        Case No. A-17-755977-C
   minors by and through their natural mother,
14 KATAYOUN BARIN; KATAYOUN BARIN,         Dept. No. XXXI
   individually;
15
                 Plaintiffs,
16                                          **SUMMONS**
   vs.
17
   MOTOR COACH INDUSTRIES, INC.,
18 a Delaware corporation; MICHELANGELO
   LEASING INC. d/b/a RYAN'S EXPRESS, an
19 Arizona corporation; EDWARD HUBBARD,
   a Nevada resident; VISTA OUTDOOR INC.
20 d/b/a GIRO SPORT DESIGN, a Delaware
   corporation; DOES 1 through 20; and ROE
21 CORPORATIONS 1 through 20.

22                 Defendants.

23      **NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT
24 YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

25 **TO THE DEFENDANT:** MOTOR COACH INDUSTRIES, INC., a Delaware Corporation

26      A civil Complaint has been filed by the plaintiff against you for the relief set forth in the
   Complaint.

27      1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on
28 you exclusive of the day of service, you must do the following:

        (a)  File with the Clerk of this Court, whose address is shown below, a formal written

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

1  response to the Complaint in accordance with the rules of the Court.

2          (b)  Serve a copy of your response upon the attorney whose name and address is

3  shown below.

4      2.     Unless you respond, your default will be entered upon application of the plaintiff and
   this Court may enter a judgment against you for the relief demanded in the Complaint, which could

5  result in the taking of money or property or other relief requested in the Complaint.

6      3.     If you intend to seek the advice of an attorney in this matter, you should do so

7  promptly so that your response may be filed on time.

8  Issue at the direction of:                    **CLERK OF COURT**

9  KEMP, JONES & COULTHARD, LLP

10                                               By: _____    5/26/2017
   _____                      Deputy Clerk          Date
11 Will Kemp, Esq.                               County Courthouse, Regional Justice Center
   Nevada Bar No. 1205                           200 Lewis Avenue
12 m.jacobs@kempjones.com                        Las Vegas, Nevada  89101
   Eric Pepperman, Esq.
13 Nevada Bar No. 11679
   n.rulis@kempjones.com
14 3800 Howard Hughes Parkway, 17th Floor
   Las Vegas, Nevada  89169
15 **Attorney for** Plaintiffs

16

17

18 **NOTE:**     When service is by publication, add a brief statement of the object of the action.
19             See Rules of Civil Procedure, Rule 4(b).

20

21

22

23

24

25

26

27

28

EJDC - 000037

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

# EXHIBIT 3

# EXHIBIT 3

Electronically Filed
6/6/2017 2:56 PM
Steven D. Grierson
CLERK OF THE COURT

1
WILL KEMP, ESQ. (#1205)
ERIC PEPPERMAN, ESQ. (#11679)

2
e.pepperman@kempjones.com
KEMP, JONES & COULTHARD, LLP

3
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

4
Telephone: (702) 385-6000
Facsimile:  (702) 385-6001

5

6
PETER S. CHRISTIANSEN, ESQ. (#5254)
pete@christiansenlaw.com

7
KENDELEE L. WORKS, ESQ. (#9611)
kworks@christiansenlaw.com

8
CHRISTIANSEN LAW OFFICES
810 South Casino Center Blvd.

9
Las Vegas, Nevada 89101
Telephone:  (702) 240-7979
Facsimile:   (866) 412-6992

10

11
*Attorneys for Plaintiffs*

12

13

DISTRICT COURT

CLARK COUNTY, NEVADA

14
KEON KHIABANI and ARIA KHIABANI,
minors by and through their natural mother,

Case No.: A-17-755977-C

15
KATAYOUN BARIN; KATAYOUN
BARIN, individually; KATAYOUN BARIN

Dept. No.: XIV

16
as Executrix of the Estate of Kayvan
Khiabani, M.D. (Decedent), and the Estate of

17
Kayvan Khiabani, M.D. (Decedent),

**AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL**

18
Plaintiffs,

ARBITRATION EXEMPTION CLAIMED
Damages Exceed $50,000.00

19
vs.

20
MOTOR COACH INDUSTRIES, INC.,
a Delaware corporation; MICHELANGELO

21
LEASING INC. d/b/a RYAN'S EXPRESS,
an Arizona corporation; EDWARD

22
HUBBARD, a Nevada resident; BELL
SPORTS, INC. d/b/a GIRO SPORT

23
DESIGN, a Delaware corporation;
SEVENPLUS BICYCLES, INC. d/b/a PRO

24
CYCLERY, a Nevada corporation, DOES 1
through 20; and ROE CORPORATIONS 1

25
through 20.

26
Defendants.

27

28

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

1    COME NOW Plaintiffs, KEON KHIABANI and ARIA KHIABANI, minors by and

2    through their natural mother, KATAYOUN ("KATY") BARIN, KATY BARIN, individually,

3    KATY BARIN as Executrix of the Estate of Kayvan Khiabani, M.D. (Decedent), and the Estate

4    of Kayvan Khiabani, M.D. (Decedent), by and through their attorneys, Will Kemp, Esq. and

5    Eric Pepperman, Esq. of the law firm KEMP, JONES & COULTHARD, LLP and Peter S.

6    Christiansen, Esq. and Kendelee L. Works, Esq. of CHRISTIANSEN LAW OFFICES, and for

7    their claims against the Defendants, and each of them, complain and allege as follows:

8                                    **THE PARTIES**

9        1.   At all relevant times, Plaintiff minors KEON KHIABANI and ARIA KHIABANI

10   ("Plaintiff minors") were and are residents of Clark County, Nevada.  Plaintiff minors are the

11   natural children of Dr. Kayvan Khiabani (Decedent) and Plaintiff Katy Barin.

12       2.   At all relevant times, Plaintiff KATY BARIN was and is a resident of Clark County,

13   Nevada.  At the time of the incident described herein, Decedent and Plaintiff Katy Barin were

14   husband and wife and resided with the Plaintiff minors in Clark County, Nevada.

15       3.   Plaintiff KATY BARIN is a duly authorized Executrix of the Estate of Kayvan

16   Khiabani, M.D. (Decedent).  As Executrix, Katy Barin is authorized to bring this action on

17   behalf of Plaintiff the Estate of Kayvan Khiabani, M.D. (Decedent).

18       4.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

19   Defendant MOTOR COACH INDUSTRIES, INC. ("MCI") was and is a corporation organized

20   and existing under the laws of the State of Delaware and authorized to do business in the State

21   of Nevada, including Clark County.  MCI designs, manufacturers, markets, and sells

22   commercial tour buses (aka Motor Coaches).  Defendant MCI designed, manufactured, and sold

23   the 2008, full-size Motor Coach involved in the incident described herein.

24       5.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

25   Defendant MICHELANGELO LEASING INC. d/b/a RYAN'S EXPRESS ("Ryan's Express")

26   was and is a corporation organized and existing under the laws of the State of Arizona and

27   authorized to do business in the State of Nevada.  Ryan's Express is a ground transportation

28

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

2                          EJDC - 000040

1   company that provides charter bus services for group transportation. Defendant Ryan's Express

2   owned and operated the MCI bus involved in the incident described herein.

3       6.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

4   Defendant EDWARD HUBBARD was and is a resident of Clark County, Nevada. Edward

5   Hubbard is employed by Ryan's Express as a bus driver. As part of his duties and

6   responsibilities, Hubbard operates full-size Motor Coaches and was operating the MCI bus at

7   the time of the incident described herein.

8       7.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

9   Defendant BELL SPORTS, INC. d/b/a GIRO SPORT DESIGN ("Giro") was and is a

10   corporation organized and existing under the laws of the State of California and authorized to

11   do business in the State of Nevada, including Clark County. GIRO designs, manufactures,

12   markets, and sells protective gear and accessories for sport activities, including cycling helmets.

13   Defendant Giro designed, manufactured, and sold the helmet that Dr. Kayvan Khiabani was

14   wearing at the time of the incident described herein.

15       8.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times,

16   Defendant SEVENPLUS BICYCLES, INC. d/b/a PRO CYCLERY ("Pro Cyclery") was and is

17   a corporation organized and existing under the laws of the State of Nevada and authorized to do

18   business in the State of Nevada, including Clark County. Pro Cyclery is engaged in the retail

19   sale of bicycles and cycling accessories, including cycling helmets. Upon information and

20   belief, Defendant Pro Cyclery sold to Dr. Kayvan Khiabani the helmet that Dr. Khiabani was

21   wearing at the time of the incident described herein.

22       9.   The true names and capacities, whether individual, corporate, association or otherwise of

23   the Defendants, DOES 1 through 20 and/or ROE CORPORATIONS 1 through 20, inclusive,

24   are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs

25   are informed and believe, and thereupon allege, that each of the Defendants designated herein as

26   DOES and/or ROE CORPORATIONS is responsible in some manner for the events and

27   happenings herein referred to, and in some manner caused the injuries and damages to Plaintiffs

28   alleged herein. Plaintiffs will ask leave of the court to amend this Complaint to insert the true

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

3

1  names and capacities of said Defendants, DOES 1 through 20 and/or ROE CORPORATIONS 1

2  through 20, inclusive when the same have been ascertained by Plaintiffs, together with the

3  appropriate charging allegations, and to join such Defendants in this action.

4      10. Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is

5  meant that such Defendant's officers, agents, servants, employees, or representatives did such

6  act or thing and at the time such act or thing was done, it was done with full authorization or

7  ratification of such Defendant or was done in the normal and routine course and scope of

8  business, or with the actual, apparent and/or implied authority of such Defendant's officers,

9  agents, servants, employees, or representatives.  Specifically, Defendants are liable for the

10  actions of its officers, agents, servants, employees, and representatives.

11      11. All of the Defendants as named herein are jointly and severally liable to Plaintiffs for

12  Plaintiffs' damages.

13      12. Plaintiffs are informed and believe, and thereupon allege, that Defendants, and each of

14  them, jointly and in concert undertook to perform the acts as alleged herein, that Defendants and

15  each of them had full knowledge of the acts of each co-Defendant as alleged herein, and that

16  each Defendant authorized or subsequently ratified the acts of each co-Defendant as alleged

17  herein, making each co-Defendant an agent of the other Defendants and making each Defendant

18  jointly responsible and liable for the acts and omissions of each co-Defendant as alleged herein.

### JURISDICTION AND VENUE

    13. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00),

exclusive of costs, interest, and attorneys' fees.

    14. Venue is proper in this Court because the incident giving rise to this lawsuit occurred in

Clark County, Nevada.

/ / /

/ / /

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

EJDC - 000042

1

**GENERAL ALLEGATIONS**

2    15. On or about April 18, 2017, Dr. Kayvan Khiabani was riding his Scott Solace 10 Disc

3    road bicycle southbound in a designated bicycle lane on S. Pavilion Center Drive near the Red

4    Rock Resort and Casino in Las Vegas, Nevada.  At the time, Dr. Khiabani was wearing a

5    bicycle helmet designed, manufactured, and sold by Giro.  Upon information and belief, Dr.

6    Khiabani purchased the Giro helmet at the retail level from Defendant Pro Cyclery.

7    16. Upon information and belief, at approximately 10:34 AM, as he approached the

8    intersection of S. Pavilion Center Drive and Griffith Peak Drive, Dr. Khiabani was overtaken by

9    a large tour bus on his left side.

10    17. The bus was a 2008, full-size Motor Coach that was designed, manufactured, and sold

11    by Defendant MCI and further identified by Vehicle Identification No. 2M93JMHA28W064555

12    and Utah License Plate No. Z044712.  Upon information and belief, the subject bus was

13    designed and manufactured without proximity sensors to alert the driver of adjacent pedestrians

14    and/or bicyclists that may be difficult to see or to alert such pedestrians and/or bicyclists.

15    18. At the time, the bus was owned and operated by Defendant Ryan's Express and being

16    driven by Defendant Edward Hubbard, an employee of Ryan's Express.

17    19. Upon information and belief, at the time that it overtook Dr. Khiabani, the bus was

18    traveling in excess of the posted speed limit and traversing out of the right-hand turn lane and

19    crossing over the designated bicycle lane from the right side of Dr. Khiabani to the left side of

20    Dr. Khiabani.

21    20. As it crossed over the designated bicycle lane to overtake Dr. Khiabani on the left, the

22    bus and Decedent's bicycle collided.

23    21. As a direct and proximate result of this collision, Dr. Khiabani suffered catastrophic

24    internal and external injuries, including to his head, severe shock to his nervous system, and

25    great pain and suffering.  Dr. Khiabani was transported from the scene of the accident and

26    ultimately died from his injuries.

27    / / /

28    / / /

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

5                                          EJDC - 000043

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CLAIM FOR RELIEF

## (STRICT LIABILITY: DEFECTIVE CONDITION OR
## FAILURE TO WARN AGAINST DEFENDANT MCI)

22. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

23. Defendant MCI, or its predecessors and/or affiliates, were responsible for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the subject bus.

24. At the time of the above-described incident, the subject bus was being used in a manner foreseeable by Defendant MCI.

25. As so used, and from the time the bus left the hands of Defendant MCI, the subject bus was defective, unfit, and unreasonably dangerous for its foreseeable use.

26. The subject bus was further defective and unreasonably dangerous in that Defendant MCI failed to provide adequate warnings about dangers that were known or should have been known by MCI and/or failed to provide adequate instructions for the bus' safe and proper use.

27. The aforementioned incident was a direct and proximate result of a defect or defects in the bus and/or the failure of Defendant MCI to warn of defects that were either known or should have been known or to instruct in the safe and proper use of the bus. As a result, Defendant MCI should be held strictly liable in tort to Plaintiffs.

28. As a direct and proximate result of the defective nature of the subject bus, Decedent Dr. Kayvan Khiabani suffered catastrophic personal injuries and died.

29. As a direct and proximate result of the acts and omissions of Defendant MCI, Decedent sustained past, present, and future lost wages, which would otherwise have been gained in his employment if not for his death proximately caused by this accident, far in excess of Fifteen Thousand Dollars ($15,000.00).

30. As a direct and proximate result of the acts and omissions of Defendant MCI, the Plaintiff minors each have been deprived of their father's comfort, support, companionship,

6                                          EJDC - 000044

society, and consortium, and further, each has suffered great grief, sorrow, and extreme emotional distress as a result of the death of their father, to each for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00). The minor children also seek to recover for the pain, suffering, and disfigurement of their father.

31. As a direct and proximate result of the acts and omissions of Defendant MCI, Plaintiff Katy Barin has been deprived of her husband's comfort, support, companionship, society, and consortium, and further, has suffered great grief, sorrow, and extreme emotional distress as a result of the death of her husband, for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00). Plaintiff Katy Barin also seeks to recover for the pain, suffering, and disfigurement of her husband.

32. As a direct and proximate result of the acts and omissions of Defendant MCI, Decedent's Estate and/or Executrix Katy Barin has incurred medical, funeral and burial expenses, and other expenses relating thereto, far in excess of Fifteen Thousand Dollars ($15,000.00).

33. As a direct and proximate result of the acts and omissions of Defendant MCI, Plaintiffs have suffered general and special damages in an amount far in excess of Fifteen Thousand Dollars ($15,000.00).

34. In carrying out its responsibilities for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the subject bus, Defendant MCI acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others. As a direct and proximate result of the conduct of Defendant MCI, Plaintiffs are entitled to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

EJDC - 000045

1   35. Plaintiffs have been required to retain legal counsel to prosecute this action, and are

2   therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

### SECOND CLAIM FOR RELIEF

### (NEGLIGENCE AGAINST DEFENDANTS RYAN'S EXPRESS
### AND EDWARD HUBBARD)

36. Plaintiffs incorporate by this reference each and every allegation previously made in this

Complaint, as if fully set forth herein.

37. Defendant Ryan's Express is vicariously liable for the wrongful acts or omissions of its

employee, Defendant Hubbard, in connection with the subject accident because: (i) at the time

of the subject accident, Defendant Hubbard was under the control of Defendant Ryan's Express,

and (ii) at the time of the subject accident, Defendant Hubbard was acting within the scope of

his employment with Ryan's Express.

38. Defendants Ryan's Express and Edward Hubbard owed a duty of care to Dr. Khiabani

and Plaintiffs to exercise due care in the operation of the 2008, full-size commercial tour bus.

39. Defendants were negligent and breached this duty of care, *inter alia*: (i) by overtaking

Dr. Khiabani at an unsafe speed, which, upon information and belief, also exceeded the posted

speed limit; (ii) by failing to give an audible warning with the horn before overtaking Dr.

Khiabani; (iii) by failing to overtake Dr. Khiabani in a reasonably safe manner; (iv) by failing to

ensure that Dr. Khiabani's bicycle was safely clear before overtaking the bicycle; (v) by failing

to leave at least 3 feet between any portion of the bus and Dr. Khiabani and/or his bicycle at the

time that the bus overtook Dr. Khiabani; (vi) by failing to yield the right-of-way to Dr.

Khiabani; and (vii) by entering, crossing over, and/or driving within the designated bicycle lane

while Dr. Khiabani was traveling therein.

40. As a direct and proximate result of these negligent acts and omissions, Decedent Dr.

Kayvan Khiabani suffered catastrophic personal injuries and died.

41. As a direct and proximate result of the negligent acts and omissions of Defendants

Ryan's Express and Edward Hubbard, Decedent sustained past, present, and future lost wages,

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

8                               EJDC - 000046

1  which would otherwise have been gained in his employment if not for his death proximately

2  caused by this accident, far in excess of Fifteen Thousand Dollars ($15,000.00).

3      42. As a direct and proximate result of the negligent acts and omissions of Defendants

4  Ryan's Express and Edward Hubbard, the Plaintiff minors each have been deprived of their

5  father's comfort, support, companionship, society, and consortium, and further, each has

6  suffered great grief, sorrow, and extreme emotional distress as a result of the death of their

7

8  father, to each for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and

9  economic damages far in excess of Fifteen Thousand Dollars ($15,000.00).  The minor children

10  also seek to recover for the pain, suffering, and disfigurement of their father.

11      43. As a direct and proximate result of the negligent acts and omissions of Defendants

12  Ryan's Express and Edward Hubbard, Plaintiff Katy Barin has been deprived of her husband's

13  comfort, support, companionship, society, and consortium, and further, has suffered great grief,

14  sorrow, and extreme emotional distress as a result of the death of her husband, for general

15  damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in

16  excess of Fifteen Thousand Dollars ($15,000.00).  Plaintiff Katy Barin also seeks to recover for

17

18  the pain, suffering, and disfigurement of her husband.

19      44. As a direct and proximate result of the negligent acts and omissions of Defendants

20  Ryan's Express and Edward Hubbard, Decedent's Estate and/or Executrix Katy Barin has

21  incurred medical, funeral and burial expenses, and other expenses relating thereto, far in excess

22  of Fifteen Thousand Dollars ($15,000.00).

23      45. As a direct and proximate result of the negligent acts and omissions of Defendants

24  Ryan's Express and Edward Hubbard, Plaintiffs have suffered general and special damages in

25  an amount far in excess of Fifteen Thousand Dollars ($15,000.00).

26      46. Plaintiffs have been required to retain legal counsel to prosecute this action, and are

27

28  therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

EJDC - 000047

**THIRD CLAIM FOR RELIEF**

**(NEGLIGENCE PER SE AGAINST DEFENDANTS**

**RYAN'S EXPRESS AND EDWARD HUBBARD)**

47. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

48. When the subject bus overtook Dr. Khiabani at the time of the incident, Defendants Ryan's Express and Edward Hubbard violated Nev. Rev. Stat. § 484B.270, *inter alia*: (i) by overtaking Dr. Khiabani at an unsafe speed, which, upon information and belief, also exceeded the posted speed limit; (ii) by failing to give an audible warning with the horn before overtaking Dr. Khiabani; (iii) by failing to overtake Dr. Khiabani in a reasonably safe manner; (iv) by failing to ensure that Dr. Khiabani's bicycle was safely clear before overtaking the bicycle; (v) by failing to leave at least 3 feet between any portion of the bus and Dr. Khiabani and/or his bicycle at the time that the bus overtook Dr. Khiabani; (vi) by failing to yield the right-of-way to Dr. Khiabani; and (vii) by entering, crossing over, and/or driving within the designated bicycle lane while Dr. Khiabani was traveling therein.

49. These violations, and each of them, were a legal cause of the incident and Plaintiffs' resulting injuries.

50. Plaintiffs belong to the class of persons that the safety requirements in NRS 484B.270 are intended to protect.

51. As a direct and proximate cause of Defendants violations of NRS 484B.270, and each of them, Plaintiffs have suffered general and special damages far in excess of Fifteen Thousand Dollars ($15,000.00), as outlined above.

52. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

/ / /

/ / /

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

**FOURTH CLAIM FOR RELIEF**

**(NEGLIGENT TRAINING AGAINST DEFENDANT RYAN'S EXPRESS)**

53. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

54. Defendant Ryan's Express owed a duty of care to Dr. Khiabani and Plaintiffs to adequately train its drivers, including Defendant Edward Hubbard, to safely operate its commercial tour busses, including the bus involved in the subject incident.

55. Defendant Ryan's Express was negligent and breached this duty of care by failing to adequately train its drivers, including Edward Hubbard, to safely operate its commercial tour busses, including the bus involved in the subject incident. Defendant Ryan's Express further breached this duty of care by entrusting the subject tour bus to an inadequately trained person (i.e., Defendant Hubbard).

56. These negligent acts and omissions, and each of them, were a legal cause of the incident and Plaintiffs' resulting injuries.

57. As a direct and proximate result of these negligent acts and omissions, Plaintiffs have suffered general and special damages far in excess of Fifteen Thousand Dollars ($15,000.00), as outlined above.

58. In carrying out its responsibility to adequately train its drivers, Defendant Ryan's Express acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others. As a direct and proximate result of the conduct of Defendant Ryan's Express, Plaintiffs are entitled to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

59. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

/ / /

/ / /

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

1

2

3

4

5

6

7

8

9

10

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTH CLAIM FOR RELIEF**

**(STRICT LIABILITY: DEFECTIVE CONDITION OR FAILURE**

**TO WARN AGAINST DEFENDANTS GIRO AND PRO CYCLERY)**

60. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

61. Defendant Giro, or its predecessors and/or affiliates, were responsible for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the helmet that Dr. Khiabani was wearing at the time of the above-described accident.

62. Upon information and belief, Defendant Pro Cyclery, or its predecessors and/or affiliates, were part of the subject helmet's chain of distribution and sold to Dr. Khiabani at the retail level the helmet that Dr. Khiabani was wearing at the time of the above-described accident.

63. At the time of the subject accident, and at all other times material hereto, the helmet was being used in a manner foreseeable by Defendants Giro and Pro Cyclery.

64. As so used, the subject helmet was defective, unfit, and unreasonably dangerous for its foreseeable use in that there was inadequate protection of the head by the helmet, which caused or contributed to the death of Dr. Khiabani.

65. The subject helmet was further defective and unreasonably dangerous in that Defendants Giro and Pro Cyclery failed to provide adequate warnings about dangers that were either known or should have been known by Giro and Pro Cyclery and/or failed to provide adequate instructions regarding the helmet's safe and proper use.

66. The aforementioned death of Dr. Khiabani was a direct and proximate result of a defect or defects in the helmet and/or the failure of Defendants Giro and Pro Cyclery to warn of defects that were either known or should have been known or to instruct in the safe and proper use of the helmet. As a result, Defendants Giro and Pro Cyclery should be held strictly liable in tort to Plaintiffs.

12

67. As a direct and proximate result of the defective nature of the helmet and said deficiencies in warnings and/or instructions, Decedent Dr. Kayvan Khiabani suffered a catastrophic head injury and ultimately died.

68. As a direct and proximate result of the acts and omissions of Defendants Giro and Pro Cyclery, Decedent sustained past, present, and future lost wages, which would otherwise have been gained in his employment if not for his death, far in excess of Fifteen Thousand Dollars ($15,000.00).

69. As a direct and proximate result of the acts and omissions of Defendants Giro and Pro Cyclery, the Plaintiff minors each have been deprived of their father's comfort, support, companionship, society, and consortium, and further, each has suffered great grief, sorrow, and extreme emotional distress as a result of the death of their father, to each for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00). The minor children also seek to recover for the pain, suffering, and disfigurement of their father.

70. As a direct and proximate result of the acts and omissions of Defendants Giro and Pro Cyclery, Plaintiff Katy Barin has been deprived of her husband's comfort, support, companionship, society, and consortium, and further, has suffered great grief, sorrow, and extreme emotional distress as a result of the death of her husband, for general damages far in excess of Fifteen Thousand Dollars ($15,000.00) and economic damages far in excess of Fifteen Thousand Dollars ($15,000.00). Plaintiff Katy Barin also seeks to recover for the pain, suffering, and disfigurement of her husband.

71. As a direct and proximate result of the acts and omissions of Defendants Giro and Pro Cyclery, Decedent's Estate and/or Executrix Katy Barin has incurred medical, funeral, and burial expenses, and other expenses relating thereto, far in excess of Fifteen Thousand Dollars ($15,000.00).

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

13

1    72. As a direct and proximate result of the acts and omissions of Defendants Giro and Pro

2    Cyclery, Plaintiffs have suffered general and special damages in an amount far in excess of

3    Fifteen Thousand Dollars ($15,000.00).

4

5    73. In carrying out its responsibilities for the design, manufacture, construction, assembly,

6    testing, labeling, distribution, marketing, and sale of the subject helmet, Defendant Giro acted

7    with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of

8    others.  As a direct and proximate result of the conduct of Defendant Giro, Plaintiffs are entitled

9    to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

10   74. Plaintiffs have been required to retain legal counsel to prosecute this action, and are

11   therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

12                              **SIXTH CLAIM FOR RELIEF**

13          **(BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR**

14              **PURPOSE AGAINST DEFENDANTS GIRO AND PRO CYCLERY)**

15   75. Plaintiffs incorporate by this reference each and every allegation previously made in this

16   Complaint, as if fully set forth herein.

17

18   76. Giro/Pro Cyclery and Decedent, Dr. Khiabani, entered into a contract for the sale of

19   goods (i.e., the Giro helmet).

20   77. Defendants Giro/Pro Cyclery had reason to know of the particular purpose for which the

21   helmet was required by Dr. Khiabani (i.e., to wear while riding his road bicycle).

22   78. Dr. Khiabani relied on the skill or judgment of Defendants Giro/Pro Cyclery to furnish

23   suitable goods for this purpose.

24   79. The helmet sold by Defendants Giro/Pro Cyclery to Dr. Khiabani was not fit for said

25   purpose and, as a direct and proximate result, Plaintiffs have suffered general and special

26   damages far in excess of Fifteen Thousand Dollars ($15,000.00), as outlined above.

27

28

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

14                                      EJDC - 000052

80. In carrying out its responsibilities for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of the subject helmet, Defendant Giro acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others. As a direct and proximate result of the conduct of Defendant Giro, Plaintiffs are entitled to punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

81. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

## SEVENTH CLAIM FOR RELIEF

### (WRONGFUL DEATH AGAINST ALL DEFENDANTS)

82. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

83. Plaintiff minors and Plaintiff Katy Barin are the heirs of Decedent and are entitled to maintain an action for damages against the Defendants for the wrongful death of Dr. Kayvan Khiabani.

84. Pursuant to NRS 41.085, Katy Barin is the Executrix of the Estates of the Decedent and may also maintain an action for damages against the Defendants for special damages and penalties, including but not limited to exemplary or punitive damages as set forth in NRS 41.085(5).

85. As a result of the injuries to and death of Dr. Khiabani, Plaintiffs are entitled to damages, including, but not limited to: pecuniary damages for their grief and sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering and disfigurement of the Decedent.

86. As a direct and proximate result of the wrongful death of Dr. Khiabani, Plaintiffs have been damaged in an amount far in excess of Fifteen Thousand Dollars ($15,000.00).

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

EJDC - 000053

87. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney's fees and costs of suit incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment of this Court as follows:

1. Past and future general damages in an amount in excess of fifteen thousand dollars ($15,000.00);

2. Past and future special damages in an amount in excess of fifteen thousand dollars ($15,000.00);

3. Past and future damages for the wrongful death of Dr. Kayvan Khiabani, as set forth in NRS 41.085, in an amount in excess of fifteen thousand dollars ($15,000.00);

4. Punitive damages in an amount in excess of fifteen thousand dollars ($15,000.00);

5. Prejudgment and post-judgment interest, as allowed by law;

6. Costs of suit and reasonable attorneys' fees, as allowed by law, in an amount to be determined; and

7. For such other and further relief that the Court may deem just and proper.

DATED this 6th day of June, 2017.

KEMP, JONES & COULTHARD, LLP

WILL KEMP, ESQ. (#1205)
ERIC PEPPERMAN, ESQ. (#11679)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

-and-

PETER S. CHRISTIANSEN, ESQ. (#5254)
KENDELEE L. WORKS, ESQ. (#9611)
CHRISTIANSEN LAW OFFICES
810 South Casino Center Blvd.
Las Vegas, Nevada  89101

*Attorneys for Plaintiffs*

EJDC - 000054

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiffs by and through their attorneys of record, KEMP, JONES & COULTHARD,

3  LLP and CHRISTIANSEN LAW OFFICES, hereby demand a jury trial of all of the issues in

4  the above matter.

5        DATED this 6th day of June, 2017.

6                                              KEMP, JONES & COULTHARD, LLP

7

8                                              _____
                                               WILL KEMP, ESQ. (#1205)
9                                              ERIC PEPPERMAN, ESQ. (#11679)
                                               3800 Howard Hughes Parkway, 17th Floor
10                                             Las Vegas, Nevada 89169

11                                             -and-

12                                             PETER S. CHRISTIANSEN, ESQ. (#5254)
                                               KENDELEE L. WORKS, ESQ. (#9611)
13                                             CHRISTIANSEN LAW OFFICES
                                               810 South Casino Center Blvd.
14                                             Las Vegas, Nevada  89101

15                                             *Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

# EXHIBIT 4

# EXHIBIT 4

EJDC - 000056

Electronically Filed
6/28/2017 4:39 PM
Steven D. Grierson
CLERK OF THE COURT

1   **ANAC**
    ERIC O. FREEMAN
2   NEVADA BAR NO. 6648
    SELMAN BREITMAN LLP
3   3993 Howard Hughes Parkway, Suite 200
    Las Vegas, NV 89169-0961
4   Telephone:      702.228.7717
    Facsimile:      702.228.8824
5   Email:          efreeman@selmanlaw.com

6

7   Attorneys for Defendants MICHELANGELO
    LEASING INC. d/b/a RYAN'S EXPRESS and
8   EDWARD HUBBARD

9

10                          DISTRICT COURT

11                      CLARK COUNTY, NEVADA

12

13  KEON KHIABANI and ARIA KHIABANI,        Case No. A-17-755977-C
    minors by and through their natural mother,   Dept.:   XIV
14  KATAYOUN BARIN; KATAYOUN BARIN,
    individually; KATAYOUN BARIN as          **DEFENDANTS MICHELANGELO**
15  Executrix of the Estate of Kayvan Khiabani,  **LEASING INC. DBA RYAN'S EXPRESS**
    M.D. (Decedent), and the Estate of Kayvan   **AND EDWARD HUBBARD'S ANSWER**
16  Khiabani, M.D. (Decedent),               **TO PLAINTIFFS' AMENDED**
                                             **COMPLAINT**
17              Plaintiffs,

18          v.

19  MOTOR COACH INDUSTRIES, INC. a
    Delaware corporation; MICHELANGELO
20  LEASING INC. d/b/a RYAN'S EXPRESS, an
    Arizona corporation; EDWARD HUBBARD, a
21  Nevada resident; BELL SPORTS, INC. d/b/a
    GIRO SPORT DESIGN, a Delaware
22  corporation; SEVENPLUS BICYCLES, INC.
    d/b/a PRO CYCLERY, a Nevada corporation,
23  DOES 1 through 20; and ROE
    CORPORATIONS 1 through 20,
24
                Defendants.
25

26      Defendants MICHELANGELO LEASING INC. dba RYAN'S EXPRESS and EDWARD

27  HUBBARD by and through their counsel of record, Eric O. Freeman, Esq. of Selman Breitman

28  LLP, hereby respond to Plaintiffs' Amended Complaint as follows:

                                    1

EJDC - 000057

1

**THE PARTIES**

2

     1.     Answering paragraph 1 of Plaintiffs' Amended Complaint, these answering

3

defendants are without sufficient information or knowledge to form a belief as to the truth or

4

falsity of the allegations contained in paragraph 1, and on that basis, deny the allegations

5

contained therein.

6

     2.     Answering paragraph 2 of Plaintiffs' Amended Complaint, these answering

7

defendants are without sufficient information or knowledge to form a belief as to the truth or

8

falsity of the allegations contained in paragraph 2, and on that basis, deny the allegations

9

contained therein.

10

     3.     Answering paragraph 3 of Plaintiffs' Amended Complaint, these answering

11

defendants are without sufficient information or knowledge to form a belief as to the truth or

12

falsity of the allegations contained in paragraph 3, and on that basis, deny the allegations

13

contained therein.

14

     4.     Answering paragraph 4 of Plaintiffs' Amended Complaint, these answering

15

defendants are without sufficient information or knowledge to form a belief as to the truth or

16

falsity of the allegations contained in paragraph 4, and on that basis, deny the allegations

17

contained therein.

18

     5.     Answering paragraph 5 of Plaintiffs' Amended Complaint, these answering

19

defendants are without sufficient information or knowledge to form a belief as to the truth or

20

falsity of the allegations contained in paragraph 5, and on that basis, deny the allegations

21

contained therein.

22

     6.     Answering paragraph 6 of Plaintiffs' Amended Complaint, these answering

23

defendants are without sufficient information or knowledge to form a belief as to the truth or

24

falsity of the allegations contained in paragraph 6, and on that basis, deny the allegations

25

contained therein.

26

     7.     Answering paragraph 7 of Plaintiffs' Amended Complaint, these answering

27

defendants are without sufficient information or knowledge to form a belief as to the truth or

28

Selman Breitman LLP
ATTORNEYS AT LAW

2

EJDC - 000058

1    falsy of the allegations contained in paragraph 7, and on that basis, deny the allegations

2    contained therein.

3              8.        Answering paragraph 8 of Plaintiffs' Amended Complaint, these answering

4    defendants are without sufficient information or knowledge to form a belief as to the truth or

5    falsity of the allegations contained in paragraph 8, and on that basis, deny the allegations

6    contained therein.

7              9.        Answering paragraph 9 of Plaintiffs' Amended Complaint, these answering

8    defendants are without sufficient information or knowledge to form a belief as to the truth or

9    falsity of the allegations contained in paragraph 9, and on that basis, deny the allegations

10   contained therein.

11             10.       Answering paragraph 10 of Plaintiffs' Amended Complaint, these answering

12   defendants are without sufficient information or knowledge to form a belief as to the truth or

13   falsity of the allegations contained in paragraph 10, and on that basis, deny the allegations

14   contained therein.

15             11.       Answering paragraph 11 of Plaintiffs' Amended Complaint, these answering

16   defendants are without sufficient information or knowledge to form a belief as to the truth or

17   falsity of the allegations contained in paragraph 11, and on that basis, deny the allegations

18   contained therein.

19             12.       Answering paragraph 12 of Plaintiffs' Amended Complaint, these answering

20   defendants are without sufficient information or knowledge to form a belief as to the truth or

21   falsity of the allegations contained in paragraph 12, and on that basis, deny the allegations

22   contained therein.

23                                  **JURISDICTION AND VENUE**

24             13.       Answering paragraph 13 of Plaintiffs' Amended Complaint, these answering

25   defendants are without sufficient information or knowledge to form a belief as to the truth or

26   falsity of the allegations contained in paragraph 13, and on that basis, deny the allegations

27   contained therein.

28

Selman Breitman LLP
ATTORNEYS AT LAW

99399.1 1291.42039

14.     Answering paragraph 14 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 14, and on that basis, deny the allegations contained therein.

## GENERAL ALLEGATIONS

15.     Answering paragraph 15 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 15, and on that basis, deny the allegations contained therein.

16.     Answering paragraph 16 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

17.     Answering paragraph 17 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 17, and on that basis, deny the allegations contained therein.

18.     Answering paragraph 18 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 18, and on that basis, deny the allegations contained therein.

19.     Answering paragraph 19 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

20.     Answering paragraph 20 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

21.     Answering paragraph 21 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 21, and on that basis, deny the allegations contained therein.

4

Selman Breitman LLP
ATTORNEYS AT LAW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **FIRST CLAIM FOR RELIEF**

## **(STRICT LIABILITY: DEFECTIVE CONDITION OR FAILURE TO WARN AGAINST MCI)**

22.    Answering paragraph 22 of Plaintiffs' Amended Complaint, these answering defendants repeat and reallege each and every response to paragraphs 1 through 21 of Plaintiffs' Amended Complaint, and incorporate them herein by this reference as if fully set forth at length.

23.    Answering paragraph 23 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 23, and on that basis, deny the allegations contained therein.

24.    Answering paragraph 24 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 24, and on that basis, deny the allegations contained therein.

25.    Answering paragraph 25 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 25, and on that basis, deny the allegations contained therein.

26.    Answering paragraph 26 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 26, and on that basis, deny the allegations contained therein.

27.    Answering paragraph 27 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 27, and on that basis, deny the allegations contained therein.

28.    Answering paragraph 28 of Plaintiffs' Amended Complaint, these answering

1  defendants are without sufficient information or knowledge to form a belief as to the truth or

2  falsity of the allegations contained in paragraph 28, and on that basis, deny the allegations

3  contained therein.

4       29.     Answering paragraph 29 of Plaintiffs' Amended Complaint, these answering

5  defendants are without sufficient information or knowledge to form a belief as to the truth or

6  falsity of the allegations contained in paragraph 29, and on that basis, deny the allegations

7  contained therein.

8       30.     Answering paragraph 30 of Plaintiffs' Amended Complaint, these answering

9  defendants are without sufficient information or knowledge to form a belief as to the truth or

10  falsity of the allegations contained in paragraph 30, and on that basis, deny the allegations

11  contained therein.

12       31.     Answering paragraph 31 of Plaintiffs' Amended Complaint, these answering

13  defendants are without sufficient information or knowledge to form a belief as to the truth or

14  falsity of the allegations contained in paragraph 31, and on that basis, deny the allegations

15  contained therein.

16       32.     Answering paragraph 32 of Plaintiffs' Amended Complaint, these answering

17  defendants are without sufficient information or knowledge to form a belief as to the truth or

18  falsity of the allegations contained in paragraph 32, and on that basis, deny the allegations

19  contained therein.

20       33.     Answering paragraph 33 of Plaintiffs' Amended Complaint, these answering

21  defendants are without sufficient information or knowledge to form a belief as to the truth or

22  falsity of the allegations contained in paragraph 33, and on that basis, deny the allegations

23  contained therein.

24       34.     Answering paragraph 34 of Plaintiffs' Amended Complaint, these answering

25  defendants are without sufficient information or knowledge to form a belief as to the truth or

26  falsity of the allegations contained in paragraph 34, and on that basis, deny the allegations

27  contained therein.

28

Selman Breitman LLP
ATTORNEYS AT LAW

6

EJDC - 000062

35.     Answering paragraph 35 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 35, and on that basis, deny the allegations contained therein.

## SECOND CLAIM FOR RELIEF

## (NEGLIGENCE AGAINST DEFENDANTS RYAN'S EXPRESS AND EDWARD HUBBARD)

36.     Answering paragraph 36 of Plaintiffs' Amended Complaint, these answering defendants repeat and reallege each and every response to paragraphs 1 through 35 of Plaintiffs' Amended Complaint, and incorporate them herein by this reference as if fully set forth at length.

37.     Answering paragraph 37 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

38.     Answering paragraph 38 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

39.     Answering paragraph 39 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

40.     Answering paragraph 40 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

41.     Answering paragraph 41 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

42.     Answering paragraph 42 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

43.     Answering paragraph 43 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

44.     Answering paragraph 44 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

45.     Answering paragraph 45 of Plaintiffs' Amended Complaint, these answering

99399.1 1291.42039

EJDC - 000063

1 | defendants deny the allegations contained therein.

2 |       46.    Answering paragraph 46 of Plaintiffs' Amended Complaint, these answering

3 | defendants deny the allegations contained therein.

4 | ### THIRD CLAIM FOR RELIEF

5 | ### (NEGLIGENCE PER SE AGAINST DEFENDANTS RYAN'S EXPRESS AND EDWARD

6 | ### HUBBARD)

7 |       47.    Answering paragraph 47 of Plaintiffs' Amended Complaint, these answering

8 | defendants repeat and reallege each and every response to paragraphs 1 through 46 of Plaintiffs'

9 | Amended Complaint, and incorporate them herein by this reference as if fully set forth at length.

10 |       48.    Answering paragraph 48 of Plaintiffs' Amended Complaint, these answering

11 | defendants deny the allegations contained therein.

12 |       49.    Answering paragraph 49 of Plaintiffs' Amended Complaint, these answering

13 | defendants deny the allegations contained therein.

14 |       50.    Answering paragraph 50 of Plaintiffs' Amended Complaint, these answering

15 | defendants deny the allegations contained therein.

16 |       51.    Answering paragraph 51 of Plaintiffs' Amended Complaint, these answering

17 | defendants deny the allegations contained therein.

18 |       52.    Answering paragraph 52 of Plaintiffs' Amended Complaint, these answering

19 | defendants deny the allegations contained therein.

20 | ### FOURTH CLAIM FOR RELIEF

21 | ### (NEGLIGENCE TRAINING AGAINST DEFENDANT RYAN'S EXPRESS)

22 |       53.    Answering paragraph 53 of Plaintiffs' Amended Complaint, these answering

23 | defendants repeat and reallege each and every response to paragraphs 1 through 52 of Plaintiffs'

24 | Amended Complaint, and incorporate them herein by this reference as if fully set forth at length.

25 |       54.    Answering paragraph 54 of Plaintiffs' Amended Complaint, these answering

26 | defendants deny the allegations contained therein.

27 |       55.    Answering paragraph 55 of Plaintiffs' Amended Complaint, these answering

28 |

Selman Breitman LLP
ATTORNEYS AT LAW

99399.1  1291.42039

8

EJDC - 000064

1    defendants deny the allegations contained therein.

2        56.    Answering paragraph 56 of Plaintiffs' Amended Complaint, these answering
3    defendants deny the allegations contained therein.

4        57.    Answering paragraph 57 of Plaintiffs' Amended Complaint, these answering
5    defendants deny the allegations contained therein.

6        58.    Answering paragraph 58 of Plaintiffs' Amended Complaint, these answering
7    defendants deny the allegations contained therein.

8        59.    Answering paragraph 59 of Plaintiffs' Amended Complaint, these answering
9    defendants deny the allegations contained therein.

10                        **FIFTH CLAIM FOR RELIEF**

11    **(STRICK LIABILITY: DEFECTIVE CONDITION OR FAILURE TO WARN AGAINST**

12                    **DEFENDANTS GIRO AND PRO CYCLERY)**

13        60.    Answering paragraph 60 of Plaintiffs' Amended Complaint, these answering
14    defendants repeat and reallege each and every response to paragraphs 1 through 59 of Plaintiffs'
15    Amended Complaint, and incorporate them herein by this reference as if fully set forth at length.

16        61.    Answering paragraph 61 of Plaintiffs' Amended Complaint, these answering
17    defendants are without sufficient information or knowledge to form a belief as to the truth or
18    falsity of the allegations contained in paragraph 61, and on that basis, deny the allegations
19    contained therein.

20        62.    Answering paragraph 62 of Plaintiffs' Amended Complaint, these answering
21    defendants are without sufficient information or knowledge to form a belief as to the truth or
22    falsity of the allegations contained in paragraph 62, and on that basis, deny the allegations
23    contained therein.

24        63.    Answering paragraph 63 of Plaintiffs' Amended Complaint, these answering
25    defendants are without sufficient information or knowledge to form a belief as to the truth or
26    falsity of the allegations contained in paragraph 63, and on that basis, deny the allegations
27    contained therein.

28

Selman Breitman LLP
ATTORNEYS AT LAW

9

99399.1 1291.42039

64.     Answering paragraph 64 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 64, and on that basis, deny the allegations contained therein.

65.     Answering paragraph 65 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 65, and on that basis, deny the allegations contained therein.

66.     Answering paragraph 66 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 66, and on that basis, deny the allegations contained therein.

67.     Answering paragraph 67 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 67, and on that basis, deny the allegations contained therein.

68.     Answering paragraph 68 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 68, and on that basis, deny the allegations contained therein.

69.     Answering paragraph 69 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 69, and on that basis, deny the allegations contained therein.

70.     Answering paragraph 70 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 70, and on that basis, deny the allegations

Selman Breitman LLP
ATTORNEYS AT LAW

99399.1  1291.42039

EJDC - 000066

1   contained therein.

2        71.    Answering paragraph 71 of Plaintiffs' Amended Complaint, these answering

3   defendants are without sufficient information or knowledge to form a belief as to the truth or

4   falsity of the allegations contained in paragraph 71, and on that basis, deny the allegations

5   contained therein.

6        72.    Answering paragraph 72 of Plaintiffs' Amended Complaint, these answering

7   defendants are without sufficient information or knowledge to form a belief as to the truth or

8   falsity of the allegations contained in paragraph 72, and on that basis, deny the allegations

9   contained therein.

10       73.    Answering paragraph 73 of Plaintiffs' Amended Complaint, these answering

11  defendants are without sufficient information or knowledge to form a belief as to the truth or

12  falsity of the allegations contained in paragraph 73, and on that basis, deny the allegations

13  contained therein.

14       74.    Answering paragraph 74 of Plaintiffs' Amended Complaint, these answering

15  defendants are without sufficient information or knowledge to form a belief as to the truth or

16  falsity of the allegations contained in paragraph 74, and on that basis, deny the allegations

17  contained therein.

18  **SIXTH CLAIM FOR RELIEF**

19  **(BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

20  **AGAINST DEFENDANTS GIRO AND PRO CYCLERY)**

21       75.    Answering paragraph 75 of Plaintiffs' Amended Complaint, these answering

22  defendants repeat and reallege each and every response to paragraphs 1 through 74 of Plaintiffs'

23  Amended Complaint, and incorporate them herein by this reference as if fully set forth at length.

24       76.    Answering paragraph 76 of Plaintiffs' Amended Complaint, these answering

25  defendants are without sufficient information or knowledge to form a belief as to the truth or

26  falsity of the allegations contained in paragraph 76, and on that basis, deny the allegations

27  contained therein.

28

Selman Breitman LLP
ATTORNEYS AT LAW

99399.1 1291.42039

11

EJDC - 000067

Selman Breitman LLP
ATTORNEYS AT LAW

77.     Answering paragraph 77 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 77, and on that basis, deny the allegations contained therein.

78.     Answering paragraph 78 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 78, and on that basis, deny the allegations contained therein.

79.     Answering paragraph 79 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 79, and on that basis, deny the allegations contained therein.

80.     Answering paragraph 80 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 80, and on that basis, deny the allegations contained therein.

81.     Answering paragraph 81 of Plaintiffs' Amended Complaint, these answering defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 81, and on that basis, deny the allegations contained therein.

## SEVENTH CLAIM FOR RELIEF

### (WRONGFUL DEATH AGAINST ALL DEFENDANTS)

82.     Answering paragraph 82 of Plaintiffs' Amended Complaint, these answering defendants repeat and reallege each and every response to paragraphs 1 through 81 of Plaintiffs' Amended Complaint, and incorporate them herein by this reference as if fully set forth at length.

83.     Answering paragraph 83 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

99399.1 1291.42039

EJDC - 000068

84.     Answering paragraph 84 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

85.     Answering paragraph 85 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

86.     Answering paragraph 86 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

87.     Answering paragraph 87 of Plaintiffs' Amended Complaint, these answering defendants deny the allegations contained therein.

## PLAINTIFFS' PRAYERS FOR RELIEF

These answering defendants deny that Plaintiffs are entitled to any relief whatsoever, under and cause of action, and on that basis, deny Plaintiffs' prayers for relief numbers 1 through 7.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The negligence of the plaintiffs exceeds that of these answering defendants, if any, and the plaintiffs are thereby barred from any recovery.

## SECOND AFFIRMATIVE DEFENSE

These answering defendants are informed and believe, and thereon allege, the damages suffered by plaintiffs if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than these answering defendants, and that the liability of these answering defendants, if any, is limited in direct proportion to the percentage of fault actually attributable to these answering defendants.

## THIRD AFFIRMATIVE DEFENSE

The plaintiffs have failed to mitigate their damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs failed to name a party necessary for full and adequate relief essential in this action.

13

EJDC - 000069

**Selman Breitman** LLP
ATTORNEYS AT LAW

### FIFTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiffs' Amended Complaint fail to state a cause of action against these answering defendants upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

The injuries, if any, suffered by the plaintiffs were caused in whole or in part by the negligence of a third party over which these answering defendants had no control.

### SEVENTH AFFIRMATIVE DEFENSE

These answering defendants allege that the hazard or defect alleged in Plaintiffs' Amended Complaint was open and obvious to the plaintiffs and the plaintiffs are thereby barred from any recovery.

### EIGHTH AFFIRMATIVE DEFENSE

The injuries claimed to have been suffered by the plaintiffs were caused by pre-existing and/or unrelated medical conditions.

### NINTH AFFIRMATIVE DEFENSE

These answering defendants are informed and believe, and thereon allege, that the amended complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts of the law which warranted the filing of the amended complaint against these answering defendants.  Plaintiffs should therefore be responsible for all of these answering defendants' necessary and reasonable defense costs.

### TENTH AFFIRMATIVE DEFENSE

The plaintiffs' cause of action is barred by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

There has been an insufficiency of process.

### TWELFTH AFFIRMATIVE DEFENSE

There has been an insufficiency of service of process.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint and any purported causes of action alleged therein are uncertain,

14

EJDC - 000070

vague and ambiguous.

## FOURTEENTH AFFIRMATIVE DEFENSE

These answering defendants acted at all times with due care in the performance of their relevant duties.

## FIFTEENTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' amended complaint fail to state facts sufficient to warrant an award of punitive or exemplary damages against these answering defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

These answering defendants are informed and believe, and thereon allege, that the claim for punitive damages is unconstitutional under the United States Constitution and the Nevada Constitution, including but not limited to, the excessive fines, due process and equal protection provisions thereof.

## SEVENTEENTH AFFIRMATIVE DEFENSE

These answering defendants are informed and believe, and thereon allege, that plaintiffs fail to state facts sufficient to, and that no facts exist which are sufficient to, warrant any claim or claims for punitive and/or exemplary damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of these answering defendants' answer and, therefore, defendant reserves the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, and asserted affirmative defenses, these answering defendants request the following relief:

1.    That plaintiffs take nothing by way of their amended complaint;

2.    For an award of attorneys' fees and costs of suit; and

99399.1  1291.42039

3.     For such other relief as this court deems just and proper.


DATED: June 2?, 2017                    SELMAN BREITMAN LLP


                                        By:    /s/ Eric O. Freeman
                                               ERIC O. FREEMAN
                                               NEVADA BAR NO. 6648
                                               3993 Howard Hughes Parkway, Suite 200
                                               Las Vegas, NV 89169-0961
                                               Telephone: 702.228.7717
                                               Facsimile: 702.228.8824
                                               Attorneys for Defendants MICHELANGELO
                                               LEASING INC. d/b/a RYAN'S EXPRESS and
                                               EDWARD HUBBARD

16

EJDC - 000072

CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Selman Breitman LLP and, pursuant to:

☒ **BY E-MAIL/ELECTRONIC SERVICE:** N.R.C.P. 5(b), I caused the foregoing document to be served upon the persons designated by the parties in the E-Service master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

a true and correct copy of the above and foregoing **DEFENDANTS MICHELANGELO LEASING INC. DBA RYAN'S EXPRESS AND EDWARD HUBBARD'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**, this 28 day of June 2017, addressed as follows:

Will Kemp, Esq.                                      Attorneys for Plaintiffs
Eric Pepperman, Esq.
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169

Peter S. Christiansen, Esq.                          Attorneys for Plaintiffs
Kendelee L. Works, Esq.
CHRISTIANSEN LAW OFFICES
810 South Casino Center Blvd.
Las Vegas, NV 89101

CRYSTAL MARTIN
An Employee of Selman Breitman LLP

17

EJDC - 000073

# EXHIBIT 5

# EXHIBIT 5

Electronically Filed
6/28/2017 4:39 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
ERIC O. FREEMAN
NEVADA BAR NO. 6648
SELMAN BREITMAN LLP
3993 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169-0961
Telephone:      702.228.7717
Facsimile:      702.228.8824
Email:          efreeman@selmanlaw.com

Attorneys for Defendants MICHELANGELO
LEASING INC. d/b/a RYAN'S EXPRESS and
EDWARD HUBBARD

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| KEON KHIABANI and ARIA KHIABANI, minors by and through their natural mother, KATAYOUN BARIN; KATAYOUN BARIN, individually; KATAYOUN BARIN as Executrix of the Estate of Kayvan Khiabani, M.D. (Decedent), and the Estate of Kayvan Khiabani, M.D. (Decedent), | Case No. A-17-755977-C<br>Dept.:   XIV |
| Plaintiffs, | |
| v. | |
| MOTOR COACH INDUSTRIES, INC. a Delaware corporation; MICHELANGELO LEASING INC. d/b/a RYAN'S EXPRESS, an Arizona corporation; EDWARD HUBBARD, a Nevada resident; BELL SPORTS, INC. d/b/a GIRO SPORT DESIGN, a Delaware corporation; SEVENPLUS BICYCLES, INC. d/b/a PRO CYCLERY, a Nevada corporation, DOES 1 through 20; and ROE CORPORATIONS 1 through 20, | |
| Defendants. | |

**INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

parties appearing in this matter as indicated below:

1

99401.1  1291.42039

EJDC - 000075

| | |
|---|---|
| MICHELANGELO LEASING IN dba RYAN'S EXPRESS | $223.00 |
| EDWARD HUBBARD | $30.00 |

**TOTAL REMITTED:** **$253.00**

DATED: June 20, 2017          SELMAN BREITMAN LLP

By:    /s/ Eric O. Freeman
          ERIC O. FREEMAN
          NEVADA BAR NO. 6648
          3993 Howard Hughes Parkway, Suite 200
          Las Vegas, NV 89169-0961
          Telephone: 702.228.7717
          Facsimile:  702.228.8824
          Attorneys for Defendants MICHELANGELO
          LEASING INC. d/b/a RYAN'S EXPRESS and
          EDWARD HUBBARD

Selman Breitman LLP
ATTORNEYS AT LAW

99401.1  1291.42039

2

CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Selman Breitman LLP and, pursuant to:
☒ **BY E-MAIL/ELECTRONIC SERVICE:** N.R.C.P. 5(b), I caused the foregoing document to be served upon the persons designated by the parties in the E-Service master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

a true and correct copy of the above and foregoing **INITIAL APPEARANCE FEE DISCLOSURE**, this ⟋⟍ day of June 2017, addressed as follows:


Will Kemp, Esq.                                        Attorneys for Plaintiffs
Eric Pepperman, Esq.
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169

Peter S. Christiansen, Esq.                            Attorneys for Plaintiffs
Kendelee L. Works, Esq.
CHRISTIANSEN LAW OFFICES
810 South Casino Center Blvd.
Las Vegas, NV 89101


CRYSTAL MARTIN
An Employee of Selman Breitman LLP

Selman Breitman LLP
ATTORNEYS AT LAW

99401.1  1291.42039

3

# EXHIBIT 6

# EXHIBIT 6

EJDC - 000078

Electronically Filed
6/30/2017 1:53 PM
Steven D. Grierson
CLERK OF THE COURT

1  ANAC
   Michael J. Nuñez, Esq.
2  Nevada Bar No. 10703
   MURCHISON & CUMMING, LLP
3  6900 Westcliff Drive, Suite 605
   Las Vegas, Nevada  89145
4  Telephone: (702) 360-3956
   Facsimile: (702) 360-3957
5
   Attorneys for Defendant SEVENPLUS
6  BICYCLES, INC d/b/a PRO CYCLERY

7

8

9                          DISTRICT COURT

10                    CLARK COUNTY, NEVADA

11

12  KEON KHIABANI and ARIA KHIABANI,          CASE NO. A-17-755977-C
    minors by and through their natural       DEPT NO.: XIV
13  mother, KATAYOUN BARIN; KATAYOUN
    BARIN, individually; KATAYOUN BARIN       DEFENDANT SEVENPLUS BICYCLES,
14  as executrix of teh Estate of Kayvan      INC. d/b/a PRO CYCLERY'S ANSWER
    Khiabani, M.D. (Decedent), and the Estate TO PLAINTIFFS' AMENDED
15  of Kayvan Khiabani, M.D. (Decedent),      COMPLAINT

16              Plaintiffs,

17          v.

18  MOTOR COACH INDUSTRIES, INC., a
    Delaware corporation; MICHELANGELO
19  LEASING INC. d/b/a RYAN'S EXPRESS,
    an Arizona corporation; EDWARD
20  HUBBARD, a Nevada resident; BELL
    SPORTS, INC. d/b/a GIRO SPORT
21  DESIGN, a Delaware corporation;
    SEVENPLUS BICYCLES, INC. d/b/a PRO
22  CYCLERY, a Nevada corporation, DOES
    1 through 20 and ROE CORPORATIONS
23  1 through 20,

24              Defendants.

25

26          COMES NOW Defendant, SEVENPLUS BICYCLES, INC. d/b/a PRO CYCLERY,

27  ("SevenPlus"), by and through its attorney of record Murchison & Cumming, LLP, in response to

28  Plaintiffs' Amended Complaint on file herein, admits, denies and alleges as follows:

                                                                        EJDC - 000079

## **GENERAL ALLEGATIONS**

1.  Answering Paragraph 1 of Plaintiffs' Amended Complaint, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

2.  Answering Paragraph 2 of Plaintiffs' Amended Complaint, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

3.  Answering Paragraph 3 of Plaintiffs' Amended Complaint, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

4.  Answering Paragraph 4 of Plaintiffs' Amended Complaint, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same..

5.  Answering Paragraph 5 of Plaintiffs' Amended Complaint, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

6.  Answering Paragraph 6 of Plaintiffs' Amended Complaint, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

7.  Answering Paragraph 7 of Plaintiffs' Amended Complaint, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

8.  Answering Paragraph 8 of Plaintiffs' Amended Complaint, SevenPlus admits it is a Domestic Corporation authorized to do business in the State of Nevada, including Clark County, as to the remaining allegations, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

EJDC - 000080

9.      Answering Paragraph 9 of Plaintiffs' Amended Complaint, SevenPlus states the allegations contained therein constitute conclusions of law and thus, no response is required. To the extent Paragraph 9 contains allegations of fact, SevenPlus is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein; and therefore, denies the same.

10.     Answering Paragraph 10 of Plaintiffs' Amended Complaint, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

11.     Answering Paragraph 11 of Plaintiffs' Amended Complaint, SevenPlus denies the allegations contained therein.

12.     Answering Paragraph 12 of Plaintiffs' Amended Complaint, SevenPlus denies the allegations contained therein.

### JURISDICTION AND VENUE

13.     Answering Paragraph 13 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 13 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

14. Answering Paragraph 14 of Plaintiffs' Amended Complaint, SevenPlus states the allegations contained therein constitute conclusions of law and thus, no response is required. To the extent Paragraph 14 contains allegations of fact, SevenPlus is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein; and therefore, denies the same.

### GENERAL ALLEGATIONS

15. Answering Paragraph 15 of Plaintiffs' Amended Complaint, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

3

16. Answering Paragraph 16 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 16 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

17. Answering Paragraph 17 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 17 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

18. Answering Paragraph 18 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 18 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

19. Answering Paragraph 19 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 19 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

20. Answering Paragraph 20 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 20 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

21. Answering Paragraph 21 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 21 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is

4

1 | without sufficient knowledge or information upon which to base a belief as to the truth or falsity

2 | of the allegations contained therein, and therefore, denies the same.

3 | **FIRST CLAIM FOR RELIEF**

4 | **(STRICT LIABILITY: DEFECTIVE CONDITION**

5 | **OR FAILURE TO WARN AGAINST DEFENDANT MCI)**

6 | 22. Answering Paragraph 22 of Plaintiffs' Amended Complaint, SevenPlus repeats and

7 | re-alleges its answers to Paragraphs 1 though 21 above as though the same were set forth at

8 | length herein.

9 | 23. Answering Paragraph 23 of Plaintiffs' Amended Complaint makes no allegations

10 | against SevenPlus and, as a result, no response to the allegations of Paragraph 23 of Plaintiffs'

11 | Amended Complaint is required.  To the extent that a response is required, SevenPlus is

12 | without sufficient knowledge or information upon which to base a belief as to the truth or falsity

13 | of the allegations contained therein, and therefore, denies the same.

14 | 24. Answering Paragraph 24 of Plaintiffs' Amended Complaint makes no allegations

15 | against SevenPlus and, as a result, no response to the allegations of Paragraph 24 of Plaintiffs'

16 | Amended Complaint is required.  To the extent that a response is required, SevenPlus is

17 | without sufficient knowledge or information upon which to base a belief as to the truth or falsity

18 | of the allegations contained therein, and therefore, denies the same.

19 | 25. Answering Paragraph 25 of Plaintiffs' Amended Complaint makes no allegations

20 | against SevenPlus and, as a result, no response to the allegations of Paragraph 25 of Plaintiffs'

21 | Amended Complaint is required.  To the extent that a response is required, SevenPlus is

22 | without sufficient knowledge or information upon which to base a belief as to the truth or falsity

23 | of the allegations contained therein, and therefore, denies the same.

24 | 26. Answering Paragraph 26 of Plaintiffs' Amended Complaint makes no allegations

25 | against SevenPlus and, as a result, no response to the allegations of Paragraph 26 of Plaintiffs'

26 | Amended Complaint is required.  To the extent that a response is required, SevenPlus is

27 | without sufficient knowledge or information upon which to base a belief as to the truth or falsity

28 | of the allegations contained therein, and therefore, denies the same.

EJDC - 000083

27. Answering Paragraph 27 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 27 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

28. Answering Paragraph 28 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 28 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

29. Answering Paragraph 29 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 29 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

30. Answering Paragraph 30 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 30 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

31. Answering Paragraph 31 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 31 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

32. Answering Paragraph 32 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 32 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is

EJDC - 000084

1  without sufficient knowledge or information upon which to base a belief as to the truth or falsity
2  of the allegations contained therein, and therefore, denies the same.

3       33. Answering Paragraph 33 of Plaintiffs' Amended Complaint makes no allegations
4  against SevenPlus and, as a result, no response to the allegations of Paragraph 33 of Plaintiffs'
5  Amended Complaint is required.  To the extent that a response is required, SevenPlus is
6  without sufficient knowledge or information upon which to base a belief as to the truth or falsity
7  of the allegations contained therein, and therefore, denies the same.

8       34. Answering Paragraph 34 of Plaintiffs' Amended Complaint makes no allegations
9  against SevenPlus and, as a result, no response to the allegations of Paragraph 34 of Plaintiffs'
10  Amended Complaint is required.  To the extent that a response is required, SevenPlus is
11  without sufficient knowledge or information upon which to base a belief as to the truth or falsity
12  of the allegations contained therein, and therefore, denies the same.

13       35. Answering Paragraph 35 of Plaintiffs' Amended Complaint, SevenPlus denies the
14  allegations contained therein.

15  **SECOND CLAIM FOR RELIEF**
16  **(NEGLIGENCE AGAINST DEFENDANTS RYAN'S EXPRESS AND EDWARD HUBBARD)**

17       36. Answering Paragraph 36 of Plaintiffs' Amended Complaint, SevenPlus repeats and
18  re-alleges its answers to Paragraphs 1 though 35 above as though the same were set forth at
19  length herein.

20       37. Answering Paragraph 37 of Plaintiffs' Amended Complaint makes no allegations
21  against SevenPlus and, as a result, no response to the allegations of Paragraph 37 of Plaintiffs'
22  Amended Complaint is required.  To the extent that a response is required, SevenPlus is
23  without sufficient knowledge or information upon which to base a belief as to the truth or falsity
24  of the allegations contained therein, and therefore, denies the same.

25       38. Answering Paragraph 38 of Plaintiffs' Amended Complaint makes no allegations
26  against SevenPlus and, as a result, no response to the allegations of Paragraph 38 of Plaintiffs'
27  Amended Complaint is required.  To the extent that a response is required, SevenPlus is
28

EJDC - 000085

without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

39. Answering Paragraph 39 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 39 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

40. Answering Paragraph 40 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 40 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

41. Answering Paragraph 41 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 41 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

42. Answering Paragraph 42 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 42 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

43. Answering Paragraph 43 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 43 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

EJDC - 000086

44.     Answering Paragraph 44 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 44 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

45.     Answering Paragraph 45 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 45 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

46.     Answering Paragraph 46 of Plaintiffs' Amended Complaint, SevenPlus denies the allegations contained therein.

### THIRD CLAIM FOR RELIEF

### (NEGLIGENCE PER SE AGAINST DEFENDANTS
### RYAN'S EXPRESS AND EDWARD HUBBARD)

47.     Answering Paragraph 47 of Plaintiffs' Amended Complaint, SevenPlus repeats and realleges its answers to Paragraphs 1 though 46 above as though the same were set forth at length herein.

48.     Answering Paragraph 48 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 49 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

49.     Answering Paragraph 49 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 49 of Plaintiffs' Amended Complaint is required.  To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

50.     Answering Paragraph 50 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 50 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

51.     Answering Paragraph 51 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 51 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

52.     Answering Paragraph 52 of Plaintiffs' Amended Complaint, SevenPlus denies the allegations contained therein.

## FOURTH CLAIM FOR RELIEF

### (NEGLIGENT TRAINING AGAINST DEFENDANT RYAN'S EXPRESS)

53.     Answering Paragraph 53 of Plaintiffs' Amended Complaint, SevenPlus repeats and realleges its answers to Paragraphs 1 though 52 above as though the same were set forth at length herein.

54.     Answering Paragraph 54 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 54 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

55.     Answering Paragraph 55 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 55 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

EJDC - 000088

56.     Answering Paragraph 56 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 56 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

57.     Answering Paragraph 57 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 57 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

58.     Answering Paragraph 58 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 58 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

59.     Answering Paragraph 59 of Plaintiffs' Amended Complaint, SevenPlus denies the allegations contained therein.

**FIFTH CLAIM FOR RELIEF**

**(STRICT LIABILITY: DEFECTIVE CONDITION OR FAILURE TO WARN AGAINST DEFENDANTS GIRO AND PRO CYCLERY)**

60.     Answering Paragraph 60 of Plaintiffs' Amended Complaint, SevenPlus repeats and realleges its answers to Paragraphs 1 though 59 above as though the same were set forth at length herein.

61.     Answering Paragraph 61 of Plaintiffs' Amended Complaint makes no allegations against SevenPlus and, as a result, no response to the allegations of Paragraph 61 of Plaintiffs' Amended Complaint is required.   To the extent that a response is required, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

EJDC - 000089

1    62.    Answering Paragraph 62 of Plaintiffs' Amended Complaint, SevenPlus is without

2  sufficient knowledge or information upon which to base a belief as to the truth or falsity of the

3  allegations contained therein, and therefore, denies the same.

4    63.    Answering Paragraph 63 of Plaintiffs' Amended Complaint, SevenPlus is without

5  sufficient knowledge or information upon which to base a belief as to the truth or falsity of the

6  allegations contained therein, and therefore, denies the same.

7    64.    Answering Paragraph 64 of Plaintiffs' Amended Complaint, SevenPlus denies the

8  allegations contained therein.

9    65.    Answering Paragraph 65 of Plaintiffs' Amended Complaint, SevenPlus denies the

10  allegations contained therein.

11    66.    Answering Paragraph 66 of Plaintiffs' Amended Complaint, SevenPlus denies the

12  allegations contained therein.

13    67.    Answering Paragraph 67 of Plaintiffs' Amended Complaint, SevenPlus denies the

14  allegations contained therein.

15    68.    Answering Paragraph 68 of Plaintiffs' Amended Complaint, SevenPlus denies the

16  allegations contained therein.

17    69.    Answering Paragraph 69 of Plaintiffs' Amended Complaint, SevenPlus denies the

18  allegations contained therein.

19    70.    Answering Paragraph 70 of Plaintiffs' Amended Complaint, SevenPlus denies the

20  allegations contained therein.

21    71.    Answering Paragraph 71 of Plaintiffs' Amended Complaint, SevenPlus denies the

22  allegations contained therein.

23    72.    Answering Paragraph 72 of Plaintiffs' Amended Complaint, SevenPlus denies the

24  allegations contained therein.

25    73.    Answering Paragraph 73 of Plaintiffs' Amended Complaint makes no allegations

26  against SevenPlus and, as a result, no response to the allegations of Paragraph 73 of Plaintiffs'

27  Amended Complaint is required.   To the extent that a response is required, SevenPlus is

28

1  without sufficient knowledge or information upon which to base a belief as to the truth or falsity

2  of the allegations contained therein, and therefore, denies the same.

3       74.     Answering Paragraph 74 of Plaintiffs' Amended Complaint, SevenPlus denies the

4  allegations contained therein.

5  **SIXTH CLAIM FOR RELIEF**

6  **(BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

7  **AGAINST DEFENDANT GIRO AND PRO CYCLERY)**

8       75.     Answering Paragraph 75 of Plaintiffs' Amended Complaint, SevenPlus repeats

9  and realleges its answers to Paragraphs 1 though 74 above as though the same were set forth

10 at length herein.

11      76.     Answering Paragraph 76 of Plaintiffs' Amended Complaint, SevenPlus is without

12 sufficient knowledge or information upon which to base a belief as to the truth or falsity of the

13 allegations contained therein, and therefore, denies the same.

14      77.     Answering Paragraph 77 of Plaintiffs' Amended Complaint, SevenPlus is without

15 sufficient knowledge or information upon which to base a belief as to the truth or falsity of the

16 allegations contained therein, and therefore, denies the same.

17      78.     Answering Paragraph 78 of Plaintiffs' Amended Complaint, SevenPlus is without

18 sufficient knowledge or information upon which to base a belief as to the truth or falsity of the

19 allegations contained therein, and therefore, denies the same.

20      79.     Answering Paragraph 79 of Plaintiffs' Amended Complaint, SevenPlus denies the

21 allegations contained therein.

22      80.     Answering Paragraph 80 of Plaintiffs' Amended Complaint makes no allegations

23 against SevenPlus and, as a result, no response to the allegations of Paragraph 80 of Plaintiffs'

24 Amended Complaint is required.  To the extent that a response is required, SevenPlus is

25 without sufficient knowledge or information upon which to base a belief as to the truth or falsity

26 of the allegations contained therein, and therefore, denies the same.

27      81.     Answering Paragraph 81 of Plaintiffs' Amended Complaint, SevenPlus denies the

28 allegations contained therein.

13

## SEVENTH CLAIM FOR RELIEF

### (WRONGFUL DEATH AGAINST ALL DEFENDANT)

82.    Answering Paragraph 82 of Plaintiffs' Amended Complaint, SevenPlus repeats and realleges its answers to Paragraphs 1 though 81 above as though the same were set forth at length herein.

83.    Answering Paragraph 83 of Plaintiffs' Amended Complaint, SevenPlus is without sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein, and therefore, denies the same.

84.    Answering Paragraph 84 of Plaintiffs' Amended Complaint, SevenPlus states the allegations contained therein constitute conclusions of law and thus, no response is required. To the extent Paragraph 84 contains allegations of fact, SevenPlus is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein; and therefore, denies the same.

85.    Answering Paragraph 85 of Plaintiffs' Amended Complaint, SevenPlus denies the allegations contained therein.

86.    Answering Paragraph 86 of Plaintiffs' Amended Complaint, SevenPlus denies the allegations contained therein.

87.    Answering Paragraph 87 of Plaintiffs' Amended Complaint, SevenPlus denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim against SevenPlus upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The loss, injuries and damages, if any, which Plaintiffs allege, were directly and proximately caused by the negligence, carelessness or fault of Plaintiffs, which is greater than the alleged negligence, carelessness or fault, if any, of SevenPlus and therefore, Plaintiffs' claims against SevenPlus are barred.

### THIRD AFFIRMATIVE DEFENSE

The loss, injuries and damages, if any, which Plaintiffs allege, were directly and proximately caused and/or contributed to by the negligence, carelessness or fault of Plaintiffs and therefore, SevenPlus is entitled to contribution in proportion to the percentage of negligence attributed to Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

At the time and place, and under the circumstances alleged, the injuries of Plaintiffs, if any, and the damages of Plaintiffs, if any, were caused solely by the acts or omissions of some parties over whom SevenPlus had no control, and for whose acts SevenPlus is not responsible.

### FIFTH AFFIRMATIVE DEFENSE

SevenPlus alleges that Plaintiffs are barred by the contribution laws of the State of Nevada.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff action against SevenPlus is moot because Plaintiffs' actions are barred by the applicable Statute of Limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped by virtue of their own acts and omissions from asserting the claims for relief set forth in the Amended Complaint against SevenPlus.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint is barred by the Doctrine of Laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' have failed to mitigate their alleged damages, if any, as required by law.

### TENTH AFFIRMATIVE DEFENSE

SevenPlus's liability, the existence of which is expressly denied, must be reduced by the percentage of fault of others, including Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

SevenPlus alleges that Plaintiffs failed to name each party necessary for full and adequate relief essential in this action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims have been waived as a result of Plaintiffs act and conduct and, therefore, Plaintiffs are estopped from asserting their claims for damages against SevenPlus.

## THIRTEENTH AFFIRMATIVE DEFENSE

SevenPlus alleges that the damages, if any, suffered by the Plaintiffs were caused, in whole or in part, by an independent intervening cause, and were not the result of negligence on the part of SevenPlus.

## FOURTEENTH AFFIRMATIVE DEFENSE

The products and materials provided by SevenPlus were fit and proper for their intended use.

## FIFTEENTH AFFIRMATIVE DEFENSE

SevenPlus's product and materials were misused.

## SIXTEENTH AFFIRMATIVE DEFENSE

The products and materials were altered or modified in some unforeseeable manner, which subsequently caused the damages, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting any claim against SevenPlus in that Plaintiffs or other parties modified, altered, redesigned, or in some fashion, materially altered SevenPlus's product.  Said changes, alterations, redesign or modifications were accomplished in the absence of SevenPlus's knowledge, approval or consent; said changes, alterations, redesign or modifications proximately causing or contributing to the damages claimed by Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

It has been necessary for SevenPlus to retain counsel to defend this action, and it is, therefore, entitled to an award of reasonable attorney's fees.

## NINETEENTH AFFIRMATIVE DEFENSE

SevenPlus is not the real party in interest.

1

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' punitive damages claims are barred due to the lack of clear and convincing evidence that this Defendant has been guilty of oppression, fraud or malice, express or implied, as required pursuant to NRC § 42.005.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

SevenPlus is informed and believes and thereon alleges that the events referred to in Plaintiffs' Amended Complaint resulted from the abnormal or improper use of the helmet referred to in Plaintiffs' Amended Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The utility and benefit of the helmet referred to in Plaintiffs' Amended Complaint outweighed any risk or harm posed by its design, and/or the helmet met the expectations or the reasonable consumer and/or performed in the manner reasonable to be expected in light of its nature and intended functions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

In the event that Plaintiffs recover damages against one or more Defendants, the liability for Defendants on one or more claims may be several and not joint and subject to apportionment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

SevenPlus alleges that the damages sustained by Plaintiffs, if any, were the result of an unavoidable accident, insofar as SevenPlus is concerned, and occurred without any negligence, want of care, default, or other breach of duty to Plaintiffs on the part of the SevenPlus.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

SevenPlus adopts and incorporates by reference any affirmative defenses of the Co-Defendant as may be applicable to SevenPlus.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

SevenPlus alleges that Plaintiffs' claims are barred by any and all releases and waivers of liability agreements signed by Plaintiffs.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

SevenPlus hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Nevada Rules of Civil Procedure, as if fully set forth herein.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

SevenPlus alleges that Plaintiffs knowingly, intelligently and voluntarily assumed the risk of loss, damage and/or injury of which Plaintiffs complain, and Plaintiffs are therefore barred from recovery for such loss, damage and/or injury.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

SevenPlus alleges it was not the designer, manufacturer, or distributor of the helmet, so as to this no negligence can be assigned on the part of SevenPlus.

### THIRTIETH AFFIRMATIVE DEFENSE

All possible affirmative defenses may not have been alleged herein, so far as sufficient facts were not available after a reasonable inquiry upon the filing of SevenPlus's Answer.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' punitive damages claims are barred based upon the provisions of NRS § 42.007, because Plaintiffs' cannot prove any of the elements necessary to impose such liability upon this Defendant.

WHEREFORE, Defendant SevenPlus prays for judgment as follows:

1.     Plaintiffs take nothing against SevenPlus by way of their Amended Complaint;

2.     Plaintiffs' Amended Complaint be dismissed with prejudice and that it take nothing thereby;

3.     Defendant SevenPlus be awarded its attorney's fees and costs incurred; and

1    4.    For such other and further relief as the Court deems just and proper in the

2  premises.

3        DATED: June 30, 2017

4                                        **MURCHISON & CUMMING, LLP**

5

6                                   By

7                                      Michael J. Nuñez, Esq.
                                       Nevada Bar No. 10703
8                                      6900 Westcliff Drive, Suite 605
                                       Las Vegas, Nevada  89145
9                                      Attorneys for Defendant SEVENPLUS
                                       BICYCLES, INC d/b/a PRO CYCLERY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**PROOF OF SERVICE**</u>

2

**STATE OF NEVADA, COUNTY OF CLARK**

3

      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Clark, State of Nevada.  My business address is 6900 Westcliff Drive, Suite 605, Las Vegas, Nevada 89145.

4

5

      On June 30, 2017, I served true copies of the following document(s) described as **DEFENDANT SEVENPLUS BICYCLES, INC. D/B/A PRO CYCLERY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND CROSSCLAIM** on the interested parties in this action as follows:

6

7

**SEE ATTACHED LIST**

8

**BY ELECTRONIC SERVICE**: by transmitting via the Court's electronic filing and electronic service the document(s) listed above to the Counsel set forth on the service list on this date pursuant to Administrative order 14-2 NEFCR 9 (a), and EDCR Rule 7.26.

9

10

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

11

12

      Executed on June 30, 2017, at Las Vegas, Nevada.

13

14

15

Conrad Voigt

16

**SERVICE LIST**
**Keon Khiabani, et. al. vs. Motor Coach Industries, et. a l.**

17

18

Will Kemp                        Attorneys for Plaintiffs
Kemp, Jones & Coulthard, LLP
3800 Howard Hughes Parkway

19

17th Floor
Las Vegas, NV  89169

20

Telephone: 702-385-6000

21

Peter S. Christiansen             Attorneys for Plaintiffs
Christiansen Law Offices

22

810 Casino Center Boulevard
Las Vegas, NV  89101

23

Telephone: 702-240-7979

24

25

26

27

28